# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| AMAZON.COM SERVICES LLC | ) | |
| Petitioner | ) | |
| v. | ) | No.   26-60238 |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | Board Case No. |
| Respondent | ) | 29-CA-310869 |
| --------------------------------------------------------------------- | ) | |
| AMAZON LABOR UNION NO. 1, INTERNATIONAL | ) | |
| BROTHERHOOD OF TEAMSTERS | ) | |
| Petitioner | ) | |
| v. | ) | |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| Respondent | ) | |

## MOTION TO TRANSFER VENUE
## ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD

To the Honorable, the Judges of the United States
 Court of Appeals for the Fifth Circuit:

The National Labor Relations Board ("the Board"), by its Deputy Associate

General Counsel, respectfully moves, in the interest of justice, to transfer the

petitions for review in this matter to the U.S. Court of Appeals for the Second

Circuit.  As explained in greater detail below:  (i) review of the underlying Board

decisions is likely to involve issues that the Second Circuit is already familiar with

from prior litigation in that circuit; (ii) all the events in question occurred in New

York and there is no meaningful factual connection to this Circuit, and (iii) a

1

district court in this Circuit already reasonably transferred a prior attempt by Amazon to nullify the disputed union-representation election at issue in this case.

**Procedural History and Background**

1. In March 2022, a unit of employees at an Amazon.com Services LLC ("Amazon") facility in Staten Island, New York, voted in a Board-supervised union-representation election to be represented by Amazon Labor Union, now known as Amazon Labor Union No. 1, International Brotherhood of Teamsters ("the Union"). On August 29, 2024, the Board issued an order, reported at 373 NLRB No. 92, 2024 WL 4011026, denying Amazon's objections to the election and certifying the Union as the employees' duly elected representative.

2. Amazon's objections to the election, and to the resulting certification of the Union as the representative of the Staten Island employees, are focused in part on its claims that the Board's Regional Director for Region 29 in Brooklyn, and Board agents acting on her behalf (collectively, "Region 29"), engaged in biased and improper conduct in connection with the election. Amazon filed a 100-page request for review with the Board urging that the certification of the Union be vacated and that the results of the election be set aside—a significant portion of which focused on alleged bias or improper conduct on the part of Region 29.

3. In particular, Amazon argued that Region 29 impermissibly tainted the results of the election by filing a petition for temporary injunctive relief, pursuant

to Section 10(j) of the National Labor Relations Act, 29 U.S.C. §§ 151, et seq., as amended ("the Act"), 29 U.S.C. § 160(j), with the U.S. District Court for the Eastern District of New York several days before voting commenced. That claim was listed first among Amazon's justifications for seeking to overturn the election. *See* 2024 WL 4011026, at *2. Among other things, Amazon questioned Region 29's motives for filing the Section 10(j) petition and posited improper "coordination with [the Union]." *Id.*

4. Meanwhile, Region 29 and Amazon continued to litigate the Section 10(j) petition in question, which involved the allegedly unlawful discharge of an employee at the Staten Island facility. Ultimately, the district court granted in part and denied in part the requested temporary injunctive relief. *King v. Amazon.com Servs. LLC*, No. 22-cv-01479, 2022 WL 17083273 (E.D.N.Y. Nov. 18, 2022). Amazon appealed to the U.S. Court of Appeals for the Second Circuit. Following full briefing and oral argument, the Second Circuit vacated in part the district court's order. *Poor v. Amazon.com Servs. LLC*, 104 F.4th 433 (2d Cir. 2024).

5. After the certification of the Union as the employees' representative, Amazon refused the Union's request to commence bargaining. The Board's General Counsel issued an unfair-labor-practice complaint alleging that Amazon's refusal to bargain violated the Act, and thereafter filed a motion for summary judgment with the Board.

3

6.  On April 1, 2026, the Board issued a Decision and Order, reported at 374 NLRB No. 82, 2026 WL 926360, granting summary judgment and finding that Amazon violated Section 8(a)(5) and (1) of the Act, 29 U.S.C. § 158(a)(5) and (1), by refusing to recognize and bargain with the Union as the duly elected and certified representative of the Staten Island employees.  Pursuant to Section 159(d) of the Act, the Board decisions and the administrative record in both the representation case and the unfair-labor-practice case will be at issue on review. 29 U.S.C. § 159(d); *Boire v. Greyhound Corp.*, 376 U.S. 473, 477-78 (1964) (outlining process for obtaining indirect review of the Board's representation-election decisions); *e.g.*, *Boston Insulated Wire & Cable Sys. v. NLRB*, 703 F.2d 876 (5th Cir. 1983) (reviewing election objections).

7.  On April 10, Amazon and the Union both filed valid petitions for review of the Board's unfair-labor-practice Order pursuant to Section 10(f) of the Act, 29 U.S.C. § 160(f).  Amazon filed its petition with this Court, and the Union filed its petition with the Second Circuit.  The Board submitted the petitions to the U.S. Judicial Panel on Multidistrict Litigation, *see* 28 U.S.C. § 2112(a), which randomly assigned both petitions to this Court.  The Board now seeks transfer.

## Grounds for Transfer to the Second Circuit

A reviewing court has the discretionary authority to transfer petitions for review of an agency order to another court of appeals "[f]or the convenience of the

parties in the interest of justice." 28 U.S.C. § 2112(a)(5). Although a petitioner's preference is an important factor to consider, this Court has cautioned against "giving inordinate weight to the plaintiffs' choice of venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) (en banc) (examining identical transfer language in 28 U.S.C. § 1404(a)). As shown below, transfer to the U.S. Court of Appeals for the Second Circuit would best serve the interests of justice.

**First**, and foremost, transfer to the Second Circuit is warranted in the unique circumstances of this case where prior litigation in that circuit is likely to be at issue on review. A significant portion of Amazon's objections to the underlying representation election concern actions by government personnel in New York, including the allegation that Region 29 engaged in objectionable conduct by filing and litigating a Section 10(j) petition that has already been reviewed by the Second Circuit. *See Buckeye Partners LP v. FERC*, No. 22-60100, 2022 WL 1528311 (5th Cir. May 13, 2022) ("In evaluating whether transfer is warranted, 'one factor that has considerable weight is the desirability of transfer to a circuit whose judges are familiar with the background of the controversy through review of the same or related proceedings.'"). The Second Circuit is better placed to review any renewed allegation that Region 29's conduct in the Second Circuit litigation was biased or improper. Indeed, the putative impact on the election was intertwined with the Second Circuit litigation, and that court has already made findings regarding

Region 29's motives and conduct. *E.g.*, 104 F.4th at 444 (noting that the scheduled election "largely motivated [the] decision to petition for relief in the first place").

This Court has granted transfer in similar circumstances. In *Nexstar Media, Inc. v. NLRB*, 5th Cir. No. 22-60440, the Judicial Panel on Multidistrict Litigation assigned two competing petitions for review of a Board order to this Court. The Court then granted an opposed motion to transfer the petitions to the U.S. Court of Appeals for the Ninth Circuit based on the union's and the Board's observations that all the events at issue had occurred in Oregon, and that an appeal in a related Section 10(j) proceeding was then still pending before the Ninth Circuit, which accordingly had greater familiarity with the underlying facts. Order Granting Opposed Motion To Transfer, *Nexstar Media, Inc. v. NLRB*, No. 22-60440 (5th Cir. Oct. 27, 2022). The Court upheld the transfer and denied rehearing even after the related Ninth Circuit litigation had concluded. Order Denying Rehearing and Rehearing En Banc, *Nexstar Media, Inc. v. NLRB*, No. 22-60440 (5th Cir. Dec. 20, 2022); *see Hooks v. Nexstar Broad., Inc.*, 54 F.4th 1101 (9th Cir. Dec. 5, 2022) (vacating district-court order that had granted temporary injunction). The basis for a transfer is even stronger here, where the conduct of government litigation within the Second Circuit was one of Amazon's primary objections to the election and where such litigation is likely to be back at issue on review.

**Second**, transfer to the Second Circuit would be consistent with the principle that there is a strong public interest "in having localized interests decided at home." *Volkswagen of Am.*, 545 F.3d at 316-18 (en banc). As this Court has emphasized in a similar context, the location of the underlying events giving rise to a dispute is one of the "most important" considerations in determining whether transfer is warranted—particularly where, as here, "there is no relevant factual connection" to a plaintiff's chosen venue. *In re TikTok, Inc.*, 85 F.4th 352, 364 (5th Cir. 2023) (discussing 28 U.S.C. § 1404(a)); *accord Oil & Atomic Workers Local Union No. 6-418 v. NLRB*, 694 F.2d 1289, 1300 (D.C. Cir. 1982) (noting that common transfer considerations pursuant to 28 U.S.C. § 2112(a) include "whether the impact of the litigation is local to one region").

This case concerns a single union-representation election at a single Amazon facility in Staten Island, New York. The Board found a violation of the Act based on Amazon's refusal to accept the results of that election, and ordered Amazon to bargain with the Union as the majority representative of a bargaining unit that is limited by its terms to "full-time and regular part-time fulfillment center associates employed at [Amazon's] JFK8 building located at 546 Gulf Avenue, Staten Island, New York." 2026 WL 926360, at *4. The bargaining unit at issue comprises more than eight thousand employees who presumably all live, work, and pay taxes in or near the New York metropolitan area. By contrast, there is no factual connection

to this Circuit, and no events occurring within this Circuit played any role in the Board's analysis in its representation-election and unfair-labor-practice decisions. It is self-evident that the "citizens of [the Second Circuit] have a greater stake in the litigation than the citizens of [the Fifth Circuit]." *TikTok*, 85 F.3d at 364.

The fact that Amazon transacts business within this Circuit is sufficient to establish venue pursuant to Section 10(f) of the Act, 29 U.S.C. § 160(f), but that is a separate inquiry from whether the public interest warrants discretionary transfer to another appropriate circuit. *See In re Clarke*, 94 F.4th 502, 511 (5th Cir. 2024) ("We focus on the *events*—not the *parties*."). Moreover, Amazon does not reside in this Circuit or appear to have any special connection to this Circuit other than transacting business here, which, as a major online retailer, it presumably does in every circuit in the country. *See id.* at 510 ("A completely diffuse interest—that is, an interest that 'could apply to virtually any judicial district or division in the United States'—cannot affect the local-interest determination."); *see also, e.g.*, *Farah Mfg. Co. v. NLRB*, 481 F.2d 1143, 1145 (8th Cir. 1973) (transferring case to Fifth Circuit where petitioner's business dealings within Eighth Circuit were "completely unrelated" to labor-management controversy giving rise to case).

**Third**, the U.S. District Court for the Western District of Texas already reasonably transferred out of this Circuit a prior action filed by Amazon seeking to halt the Board from effectuating the results of the Staten Island election—despite

Amazon's attempts to circumvent the district court's ruling by having its claims heard by this Court instead.

On September 5, 2024, following the Board's decision rejecting Amazon's objections to the Staten Island election, Amazon filed a complaint and application for injunctive relief in the Western District of Texas raising constitutional attacks on the Board and requesting that the Board be enjoined from issuing an unfair-labor-practice order effectuating the results of the election. Complaint, *Amazon.com Servs. LLC v. NLRB*, No. 5:24-CV-01000 (W.D. Tex. Sept. 5, 2024). On September 29, the district court issued an order granting the Board's motion to transfer the case out of this Circuit to a more appropriate venue. *Amazon.com Servs. LLC v. NLRB*, No. 5:24-CV-01000, 2024 WL 4977179 (W.D. Tex. Sept. 29, 2024). The district court found none of Amazon's attempts to justify venue in Texas persuasive and recognized that the underlying dispute turned on Amazon's claims "that Region 29 and [the Union] improperly influenced [the election] by their New York actions." *Id.* at *3-5.[1]

Two days before the district court issued its opinion, however, Amazon attempted to preempt the transfer ruling by filing an appeal with this Court

---

[1] The Board had proposed transferring the district-court action to the Eastern District of New York, but since Amazon was specifically seeking to enjoin the actions of the Board Members themselves in Washington, D.C., the district court ordered that case transferred to the District of Columbia. 2024 WL 4977179, at *5.

9

requesting review of the district court's purported "effective denial" of its motion for a temporary restraining order. *Amazon.com Servs. LLC v. NLRB*, No. 24-50761 (5th Cir. Sept. 27, 2024). Without reaching the merits, this Court ultimately rebuffed such attempt and dismissed Amazon's appeal for lack of subject-matter jurisdiction, concluding that a litigant cannot "simply say they need an expedited ruling and then appeal by claiming effective denial when they do not get it on their preferred timeline." *Amazon.com Servs. LLC v. NLRB*, 136 F.4th 577, 584 (5th Cir. 2025), *withdrawn and superseded as modified*, 151 F.4th 221, 229 (5th Cir. 2025). Amazon filed a petition for rehearing en banc, which the Court denied in October 2025. Amazon then filed a second petition for rehearing en banc based on an intervening modification to the panel opinion, which the Court again denied. Thus, despite the fact that the district court's order issued a mere two days after Amazon filed its appeal in September 2024, Amazon continued to resist transfer for well over a year—delaying consideration of the injunctive relief that it was nominally seeking in its complaint. The case was finally transferred to the U.S. District Court for the District of Columbia, where it remained pending until Amazon filed a notice of voluntary dismissal after learning the Judicial Panel on Multidistrict Litigation had assigned the present petitions for review to this Court. Notice of Voluntary Dismissal, *Amazon.com Servs. LLC v. NLRB*, No. 1:25-cv-04326 (D.D.C. Apr. 17, 2026).

To be sure, Amazon's petition for review of the Board's unfair-labor-practice Order represents a distinct procedural vehicle for challenging the Staten Island election results, and the district court's ruling is not controlling on this Court. But the facts remain as the district court observed: all events surrounding the election occurred outside of this Circuit, and Amazon's grounds for engaging the resources of this Circuit are tenuous and unconvincing. 2024 WL 4977179, at *3-5.[2] There is an even stronger basis for transferring Amazon's current petition, given that the primary issues on review will likely not be constitutional challenges to the Board's structure, but fact-intensive inquiries concerning litigation within the Second Circuit and other events which exclusively occurred in New York.

---

[2] Indeed, even the thin reeds Amazon relied upon in support of its arguments for venue at the district-court level are no longer present. Amazon primarily alleged that, if not enjoined, the Board could theoretically issue an array of broad remedies affecting Amazon's operations in Texas. 2024 WL 4977179, at *4. The Board's Order has now issued, however, and is limited to a bargaining obligation at the Staten Island facility and a notice posting. 2026 WL 926360, at *4.

WHEREFORE, the Board respectfully requests that the Court transfer the petitions for review filed by Amazon and the Union to the U.S. Court of Appeals for the Second Circuit.  Transfer of both Amazon's petition and the Union's petition to the same court of appeals is necessary, because both petitions involve the same Board Order and the same underlying administrative record.

Pursuant to Circuit Rule 27.4, Board counsel has contacted counsel for Amazon and counsel for the Union.  Amazon opposes the Board's motion and intends to file a response.  The Union does not oppose the Board's motion.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20570
(202) 273-2960

Dated at Washington, D.C.,
 this 30th day of April, 2026

AMAZON.COM SERVICES LLC )
        Petitioner )
        v. )      No.   26-60238
)
NATIONAL LABOR RELATIONS BOARD )      Board Case No.
        Respondent )      29-CA-310869
--------------------------------------------------------------------- )
AMAZON LABOR UNION NO. 1, INTERNATIONAL )
BROTHERHOOD OF TEAMSTERS )
        Petitioner )
        v. )
)
NATIONAL LABOR RELATIONS BOARD )
        Respondent )

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Circuit Rule 27.4, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

    **Petitioners:**

- Amazon.com Services LLC

- Amazon Labor Union, now known as Amazon Labor Union No. 1, International Brotherhood of Teamsters

**Respondent:**

- National Labor Relations Board

**Counsel for Petitioner Amazon:**

*Amber M. Rogers*
Hunton Andrews Kurth LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

*Kurt Larkin*
*Elbert Lin*
*Kevin Elliker*
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

**Counsel for Petitioner Amazon Labor Union No. 1:**

*Julie Gutman Dickinson*
*Hector de Haro*
*Luke Taylor*
Bush Gottlieb ALC
801 N. Brand Blvd., Suite 950
Glendale, CA 91203

*David O'Brien Suetholz*
*Willie J. Burden, Jr.*
International Brotherhood of Teamsters
25 Louisiana Avenue NW
Washington, D.C. 20001

*Richard Griffin*
Bredhoff & Kaiser PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005

*Edward M. Gleason, Jr.*
Herzfeld, Suetholz, Gastel,
Leniski & Wall PLLC
128 C Street NW
Washington, D.C. 20001

*Jeanne Mirer*
Julien Mirer & Associates PLLC
1 Pierrepont Plaza, 12th Floor
Brooklyn, NY 11201

*Pamela M. Newport*
Herzfeld, Suetholz, Gastel,
Leniski & Wall PLLC
600 Vine Street, Suite 2720
Cincinnati, OH 45202

**Counsel for Respondent:**

*Crystal S. Carey (General Counsel)*
*Lynisa B. Michalski (Acting Deputy General Counsel)*
*Peter Sung Ohr (Associate General Counsel)*
*Ruth E. Burdick (Deputy Associate General Counsel)*
*Meredith Jason (Assistant General Counsel)*
*Milakshmi V. Rajapakse (Supervisory Attorney)*
*Elizabeth A. Heaney (Supervisory Attorney)*
*Eric Weitz (Attorney)*
National Labor Relations Board
1015 Half Street SE
Washington, D.C. 20570

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20570
(202) 273-2960

Dated at Washington, D.C.,
  this 30th day of April, 2026

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | | |
|---|---|---|
| AMAZON.COM SERVICES LLC | ) | |
| Petitioner | ) | |
| v. | ) | No.   26-60238 |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | Board Case No. |
| Respondent | ) | 29-CA-310869 |
| ----------------------------------------------------------------- | ) | |
| AMAZON LABOR UNION NO. 1, INTERNATIONAL | ) | |
| BROTHERHOOD OF TEAMSTERS | ) | |
| Petitioner | ) | |
| v. | ) | |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| Respondent | ) | |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board

certifies that its motion contains 2,608 words of proportionally-spaced, 14-point

type, and that the word processing system used was Microsoft Word 365.  The

Board further certifies that the PDF file submitted to the Court has been scanned

for viruses using Microsoft Defender and is virus-free according to that program.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.

Dated at Washington, D.C.        Washington, D.C. 20570
 this 30th day of April, 2026      (202) 273-2960

16

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | | |
|---|---|---|
| AMAZON.COM SERVICES LLC | ) | |
| Petitioner | ) | |
| v. | ) | No.    26-60238 |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | Board Case No. |
| Respondent | ) | 29-CA-310869 |
| ------------------------------------------------------------------- | ) | |
| AMAZON LABOR UNION NO. 1, INTERNATIONAL | ) | |
| BROTHERHOOD OF TEAMSTERS | ) | |
| Petitioner | ) | |
| v. | ) | |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| Respondent | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I electronically filed the foregoing

document with the Clerk of the Court for the United States Court of Appeals for

the Fifth Circuit using the CM/ECF system.  I certify that the foregoing document

will be served via the CM/ECF system on all parties or their counsel of record.


                                        Respectfully submitted,

                                        /s/ Ruth E. Burdick
                                        Ruth E. Burdick
                                        Deputy Associate General Counsel
                                        National Labor Relations Board
                                        1015 Half Street, S.E.

Dated at Washington, D.C.       Washington, D.C. 20570
 this 30th day of April, 2026    (202) 273-2960

17
