

United States Government

# NATIONAL LABOR RELATIONS BOARD

# OFFICE OF THE GENERAL COUNSEL

Washington, D.C. 20570



July 20, 2026

Lyle W. Cayce
Clerk, U.S. Court of Appeals
 for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, LA 70130

> Re: *Amazon.com Services LLC v. NLRB*,
> 5th Cir. No. 26-60238,
> Board Case No. 29-CA-310869

Dear Mr. Cayce:

I am enclosing the additional non-record materials requested by the Court. I am also enclosing an index to the supplemental non-record materials. Board counsel have been unable to locate a preserved copy of Amazon's 04/21/2022 Offer of Proof or Amazon's 02/06/2024 Letter to the Regional Director.

Very truly yours,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570-0001
(202) 273-2960

Encl.

26-60238.15431

**INDEX OF SUPPLEMENTAL NON-RECORD MATERIALS**

**NON-RECORD DOCUMENTS (29-RC-288020)**

<u>Date</u>        <u>Document</u>

12/23/21    Amazon's email to Region 29 purporting to challenge
            union showing of interest[1]

02/04/22    Amazon's letter to Region 29 requesting a meeting
            with the Regional Director

02/07/22    Regional Director's letter to Amazon declining to discuss
            union showing of interest

06/30/22    Amazon's petition to revoke Subpoena B-1-1FVZBWV

---

[1] The associated letter from Amazon, with attached exhibits, has been separately submitted to the Court as Rejected Employer Exhibit 140(a). Board counsel have been unable to locate a preserved copy of Exhibit E as purportedly sent to Region 29 under separate cover.

26-60238.15432

_____

|                                                              |     |                          |
| ------------------------------------------------------------ | --- | ------------------------ |
|                                                              | )   |                          |
| AMAZON.COM SERVICES LLC                                      | )   |                          |
|     Petitioner/Cross-Respondent          | )   |                          |
|                                                              | )   |                          |
|   v.                                               | )   |                          |
|                                                              | )   |                          |
| NATIONAL LABOR RELATIONS BOARD                              | )   | No. 26-60238             |
|     Respondent/Cross-Petitioner         | )   |                          |
| ------------------------------------------------------------ | )   | Board Case No.           |
|                                                              | )   | 29-CA-310869             |
| AMAZON LABOR UNION NO. 1, INTERNATIONAL                     | )   |                          |
| BROTHERHOOD OF TEAMSTERS                                     | )   |                          |
|     Petitioner                          | )   |                          |
|                                                              | )   |                          |
|   v.                                               | )   |                          |
|                                                              | )   |                          |
| NATIONAL LABOR RELATIONS BOARD                              | )   |                          |
|     Respondent                          | )   |                          |
|                                                              | )   |                          |

_____ )

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, I electronically filed the foregoing

document with the Clerk of the Court for the United States Court of Appeals for the

Fifth Circuit by using the CM/ECF system.  I certify that the foregoing document

was served on all parties or their counsel of record through the appellate CM/ECF

system.

<div style="text-align: right">

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570
(202) 273-2960

</div>

Dated at Washington, DC
this 20th day of July 2026

26-60238.15433

| From: | Rogers, Amber |
| --- | --- |
| To: | Poor, Teresa J.; Fedorova, Ioulia |
| Cc: | Larkin, Kurt G. |
| Subject: | Case 29-RC-288020: Amazon.com Services LLC "s Challenge to Petitioner"s Showing of Interest |
| Date: | Thursday, December 23, 2021 3:33:03 PM |
| Attachments: | Exhibit A.pdf |
| | Exhibit C.pdf |
| | Exhibit D.pdf |
| | Exhibit E.pdf |
| Importance: | High |

Teresa and Ioulia:

As noted during our call yesterday, Amazon is challenging Petitioner's showing of interest. As Amazon takes the privacy of its Associates very seriously, Amazon is submitting Exhibit B with the prior express assurances by the Region that it would not disclose the list to any third-party, including the Petitioner, and would return or destroy it when the case is closed. *See* CASEHANDLING MANUAL § 11035. ("Payroll lists submitted in connection with investigations of the showing of interest should be retained in the file, except where an employer has agreed to submit a list only on the condition that it is returned or is destroyed when the case is closed. If the list is returned, it should be so marked that it could not be used to ascertain which employees had designated any labor organization as their bargaining agent."). Exhibit B has been marked "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL AMAZON ASSOCIATE DATA" on every page. Amazon requests that the roster be reviewed by the least amount of Board personnel necessary to verify Petitioner's showing of interest.

We understand that the NLRB may be asked by third parties to provide Amazon Associates names to such third parties, pursuant to a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq*. Associate names are part of personnel records and are provided herein in response to an investigatory request. Disclosure of Amazon Associate names indicating an individual's status as a union supporter (or non-supporter) in an NLRB proceeding would constitute a clearly unwarranted invasion of personal privacy. Amazon Associate names, therefore, are exempt from disclosure under FOIA. 5 U.S.C. § 552(b)(6); National Labor Relations Board Freedom of Information Act Manual, Sec. IX.B.3.

Accordingly, Amazon requests that Amazon Associate names be considered exempt from disclosure under FOIA, the NLRB FOIA Manual, and/or as otherwise required by law. In the event any third party requests the release of Amazon Associate names, Amazon requests: (i) that the NLRB not release the employee names on the basis that they constitute Exempt Material; and (ii) that upon the receipt of any such request, the NLRB immediately provide Amazon with a written copy of such request so that Amazon may take whatever measures it deems necessary in order to prevent the release of Amazon Associate names.

Attached is a letter (dated today) and Exhibits A and C-E.
- · Exhibit A is 3 pages, including the cover page.
- · Exhibit B is 197 pages, including the cover page. Exhibit B will be sent under

26-60238.15434                  Non-Record Materials

        separate cover.
· Exhibit C is 3 pages, including the cover page.
· Exhibit D is 11 pages, including the cover page.
· Exhibit E is a video.  Exhibit E will be sent under separate cover.

If you have difficulty opening any of the exhibits, please let us know. After you have reviewed the materials, if you want to discuss anything, please let us know and we can schedule a call.


Amber




**Amber Rogers**
Partner
arogers@HuntonAK.com
p  214.468.3308
bio  |  vCard

Hunton Andrews Kurth LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, TX 75202


HuntonAK.com

This communication is confidential. If you are not an intended recipient, please advise by return email immediately and then delete this message, including all copies and backups.

Non-Record Materials

# EXHIBIT A

26-60238.15436

Non-Record Materials

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

# R C   P E T I T I O N

| DO NOT WRITE IN THIS SPACE | |
| --- | --- |
| Case No.<br>29-RC-288020 | Date Filed<br>12/22/2021 |

*INSTRUCTIONS: Unless e-Filed using the Agency's website, www.nlrb.gov, submit an original of this Petition to an NLRB office in the Region in which the employer concerned is located. The petition must be accompanied by both a showing of interest (see 6b below) and a certificate of service showing service on the employer and all other parties named in the petition of: (1) the petition; (2) Statement of Position form (Form NLRB-505); and (3) Description of Representation Case Procedures (Form NLRB 4812). The showing of interest should only be filed with the NLRB and should not be served on the employer or any other party.*

1. **PURPOSE OF THIS PETITION: RC-CERTIFICATION OF REPRESENTATIVE -** A substantial number of employees wish to be represented for purposes of collective bargaining by Petitioner and Petitioner desires to be certified as representative of the employees. **The Petitioner alleges that the following circumstances exist and requests that the National Labor Relations Board proceed under its proper authority pursuant to Section 9 of the National Labor Relations Act.**

| 2a. Name of Employer<br>Amazon.com Services LLC | 2b. Address(es) of Establishment(s) involved *(Street and number, city, State, ZIP code)*<br>410 Terry Avenue N.<br>WA Seattle 98109 | |
| --- | --- | --- |
| **3a. Employer Representative** – Name and Title<br>Amber Rogers Esq. | 3b. Address *(If same as 2b – state same)*<br>1445 Ross Avenue Suite 3700<br>TX Dallas 75202 | |

| 3c. Tel. No.<br>(214) 468-3308 | 3d. Cell No. | 3e. Fax No. | 3f. E-Mail Address<br>arogers@hunton.com |
| --- | --- | --- | --- |

| 4a. Type of Establishment *(Factory, mine, wholesaler, etc.)*<br>Consumer Goods | 4b. Principal product or service<br>E-Commerce | *5a. City and State where unit is located:*<br>Staten Island，NY |
| --- | --- | --- |

| 5b. Description of Unit Involved<br><br>**Included:**<br><br>_____<br><br>**Excluded:** | 6a. No. of Employees in Unit:<br>5000 |
| --- | --- |
| | 6b. Do a substantial number (30% or more) of the employees in the unit wish to be represented by the Petitioner? Yes [ ● ] No [   ] |

*Check One:*  ◯  7a. Request for recognition as Bargaining Representative was made on (Date) _____ and Employer declined recognition on or about _____ (Date) *(If no reply received, so state).*

◯  7b. Petitioner is currently recognized as Bargaining Representative and desires certification under the Act.

| 8a. Name of Recognized or Certified Bargaining Agent *(If none, so state).* | 8b. Address | |
| --- | --- | --- |
| 8c. Tel No. | 8d Cell No. | 8e. Fax No. | 8f. E-Mail Address |
| 8g. Affiliation, if any | 8h. Date of Recognition or Certification | 8i. Expiration Date of Current or Most Recent Contract, if any *(Month, Day, Year)* |

9. Is there now a strike or picketing at the Employer's establishment(s) involved? No _____ If so, approximately how many employees are participating? _____

*(Name of labor organization)* _____, has picketed the Employer since *(Month, Day, Year)* _____.

10. Organizations or individuals other than Petitioner and those named in items 8 and 9, which have claimed recognition as representatives and other organizations and individuals known to have a representative interest in any employees in the unit described in item 5b above. *(If none, so state)*

| 10a. Name | 10b. Address | 10c. Tel. No. | 10d. Cell No. |
| --- | --- | --- | --- |
| | | 10e. Fax No. | 10f. E-Mail Address |

| 11. **Election Details:** If the NLRB conducts an election in this matter, state your position with respect to any such election. | 11a. Election Type: ____ Manual ____ Mail  ●  Mixed Manual/Mail | | |
| --- | --- | --- | --- |
| 11b. Election Date(s):<br>March 30, 2022 | 11c. Election Time(s):<br>12AM - 11:59PM | 11d. Election Location(s):<br>Employee Cafeteria | |

| 12a. Full Name of Petitioner *(including local name and number)*<br>Chris  Smalls<br>Amazon Labor Union | 12b. Address *(street and number, city, state, and ZIP code)*<br>67 Redford St.<br>NY Staten Island 10314 |
| --- | --- |

12c. Full name of national or international labor organization of which Petitioner is an affiliate or constituent *(if none, so state)*
None

| 12d. Tel. No.<br>(201) 283-6658 | 12e. Cell No. | 12f. Fax No. | 12g. E-Mail Address<br>chrismalls21@gmail.com |
| --- | --- | --- | --- |

13. **Representative of the Petitioner who will accept service of all papers for purposes of the representation proceeding.**

| 13a. Name and Title<br>Eric Milner Esq. Attorney<br>Simon & Milner, Esqs. | 13b. Address *(street and number, city, state, and ZIP code)*<br>99 W. Hawthorne Ave. Suite 308<br>NY Valley Stream 11580 | |
| --- | --- | --- |
| 13c. Tel. No.<br>(516) 561-6622 | 13d. Cell No. | 13e. Fax No.<br>(516) 561-6828 | 13f. E-Mail Address<br>emilner@simonandmilner.com |

**I declare that I have read the above petition and that the statements are true to the best of my knowledge and belief.**

| Name *(Print)*<br>Eric Milner Esq. | Signature *Eric Milner* | Title<br>Attorney | Date<br>12/22/2021 11:52:29 AM |
| --- | --- | --- | --- |

**WILLFUL FALSE STATEMENTS ON THIS PETITION CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

26-60238.15437

Non-Record Materials

Attachment

Employees Included
All hourly full-time and regular part-time fulfillment center associates employed at the JFK8 Building located at 546 Gulf Avenue, Staten Island, NY 10314.

Employees Excluded
Truck drivers, seasonal employees, temporary employees, clerical employees, professional employees, managerial employees, engineering employees, maintenance employees, robotics employees, information technology employees, delivery associates, security guards, loss prevention employees, on-site medical employees, guard and supervisors as defined by the Act.

26-60238.15438

Non-Record Materials

# EXHIBIT C

26-60238.15439     Non-Record Materials



26-60238.15440

Non-Record Materials



26-60238.15441

Non-Record Materials

# EXHIBIT D

26-60238.15442

Non-Record Materials



# amazon LABOR UNION

## KNOW THE FACTS

The ALU is a group of Amazon workers who want to form an independent union. We are not an outside organization and we are not currently affiliated with any organization. We are workers from all departments and shifts, and anyone who wants to have a voice in our democratic process is encouraged to join the organizing committee!

**When workers stand united, real change happens.** Only when we come together can we improve working conditions at Amazon. For more info, visit: amazonlaborunion.org

Non-Record Materials

26-60238.15443



# SCAN TO SIGN

Sign your union authorization card online. Safe, secure, and discreet.

or visit amazonlaborunion.org/sign



**amazon LABOR UNION**

26-60238.15444

Non-Record Materials



HOME              ABOUT              CONTACT

# Authorization for Representation

I, the undersigned, designate the AMAZON LABOR UNION to represent me for the purpose of collective bargaining in all matters pertaining to wages, hours, terms, and conditions of employment.

**Name** *

| First | Last |

**Amazon Building Code** *            **Shift**

DYX2  ⌄            ◯ Days   ◯ Nights

**Address**

Address Line 1

Address Line 2

City            State  ⌄            Zip Code

**Phone**                    **Email** *

**Signature** *                    **Date**
                                   12/22/2021

✎

**Do you want to join the Organizing Committee?**

◯ Yes   ⦿ No

Non-Record Materials

Submit

Save

© Copyright 2012 - 2021   |   All Rights Reserved

   

26-60238.15446

https://amazonlaborunion.org/sign/

Non-Record Materials



HOME                 ABOUT                 CONTACT

# Authorization for Representation

I, the undersigned, designate the AMAZON LABOR UNION to represent me for the purpose of collective bargaining in all matters pertaining to wages, hours, terms, and conditions of employment.

**Name** *

First                                    Last

**Amazon Building Code** *               **Shift**

DYY6                                     ◯ Days    ◯ Nights

**Address**

Address Line 1

Address Line 2

City                State                Zip Code

**Phone**                                **Email** *

**Signature** *                          **Date**

                                         12/22/2021

✎

**Do you want to join the Organizing Committee?**

◯ Yes    ⦿ No

Submit

Save

© Copyright 2012 - 2021   |   All Rights Reserved

   

26-60238.15448

https://amazonlaborunion.org/sign/

Non-Record Materials



## HOME              ABOUT              CONTACT

# Authorization for Representation

I, the undersigned, designate the AMAZON LABOR UNION to represent me for the purpose of collective bargaining in all matters pertaining to wages, hours, terms, and conditions of employment.

**Name** *

First                                            Last

**Amazon Building Code** *              **Shift**

JFK8        ⌄                          ◯ Days   ◯ Nights

**Address**

Address Line 1

Address Line 2

City                    State          ⌄        Zip Code

**Phone**                               **Email** *

**Signature** *                                          **Date**

                                                        12/22/2021

✎

**Do you want to join the Organizing Committee?**

◯ Yes   ⦿ No

Non-Record Materials

Submit    Save

© Copyright 2012 - 2021   |   All Rights Reserved

   

26-60238.15450

Non-Record Materials

 **amazon LABOR UNION**

HOME          ABOUT          CONTACT

# Authorization for Representation

I, the undersigned, designate the AMAZON LABOR UNION to represent me for the purpose of collective bargaining in all matters pertaining to wages, hours, terms, and conditions of employment.

**Name** *

First

Last

**Amazon Building Code** *

LDJ5

**Shift**

◯ Days   ◯ Nights

**Address**

Address Line 1

Address Line 2

City

State

Zip Code

**Phone**

**Email** *

**Signature** *

**Date**

12/22/2021

✏

**Do you want to join the Organizing Committee?**

◯ Yes   ⦿ No

Submit

Save

---

© Copyright 2012 - 2021   |   All Rights Reserved

   

26-60238.15452

https://amazonlaborunion.org/sign/

Non-Record Materials

| | |
|---|---|
| **From:** | Rogers, Amber |
| **To:** | King, Kathy Drew; Poor, Teresa J.; Fedorova, Ioulia |
| **Cc:** | Larkin, Kurt G. |
| **Subject:** | Case No. 29-RC-288020, Amazon.com Services LLC - Request for Meeting |
| **Date:** | Friday, February 4, 2022 9:27:56 AM |
| **Attachments:** | Amazon_JFK8 02-04-2022 Letter to Region 29 regarding request for meeting about showing of interest_88681341_7.PDF |

Regional Director Drew-King, Assistant Director Poor, and Field Examiner Fedorova,

Attached is correspondence related to the above-referenced case.

Amber



**Amber Rogers**
Partner
arogers@HuntonAK.com
p  214.468.3308
bio | vCard

Hunton Andrews Kurth LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

HuntonAK.com

This communication is confidential. If you are not an intended recipient, please advise by return email immediately and then delete this message, including all copies and backups.

26-60238.15453

Non-Record Materials



HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074
TEL   804 • 788 • 8200
FAX   804 • 788 • 8218

KURT G. LARKIN
DIRECT DIAL: 804 • 788 • 8776
EMAIL: klarkin@HuntonAK.com

HUNTON ANDREWS KURTH LLP
FOUNTAIN PLACE
1445 ROSS AVENUE, SUITE 3700
DALLAS, TEXAS 75202-2799
TEL   214 • 979 • 3000
FAX   214 • 880 • 0011

AMBER M. ROGERS
DIRECT DIAL: 214 • 468 • 3308
EMAIL: arogers@HuntonAK.com

FILE NO: 056186.10

February 4, 2022

Kathy Drew King, Regional Director
Teresa Poor, Assistant Regional Director
Ioulia Fedorova, Field Examiner
National Labor Relations Board – Region 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

Re: Case No. 29-RC-288020, *Amazon.com Services LLC*

Regional Director Drew-King, Assistant Regional Director Poor, and Field Examiner Fedorova:

On December 23, 27, 29, and 30, 2021, Amazon presented the Region with documentation that established the active employment status of over 7,500 employees in the petitioned-for unit. The Region's "Report on Investigation of Interest" Form NLRB-4069, however, states that the number of employees in the unit is "6,038." *See* Exhibit A. The Region has provided no explanation for why it discounted up to 1,500 employees in the petitioned-for unit employed on the date the petition was filed.[1] The Region must account for the Section 7 rights of *all these employees* and ensure it is not disenfranchising up to 20% of the petitioned-for unit.

Based on the recent Statements of Position filed by Amazon and the Petitioner, it seems clear there is no dispute between the parties over the scope of the petitioned-for unit. Petitioner does not object in its Responsive Statement of Position (RSOP) to any specific employees, or categories of employees, included in Attachment B to Amazon's Statement of Position. Nor does Petitioner contend that the petitioned-for unit is limited to employees working in the FC Associate I job classification. The Region, however, on NLRB Form-4069 lists the "unit claimed appropriate" as "FC Associate I, working at JFK8 building." *See* Exhibit A. We would like to understand how and

---

[1] The Form also incorrectly lists the payroll period end date as December 25, 2021, which is *after* the Petition was filed on December 22, 2021. This incorrect payroll date was used for some reason during the investigation, despite Amazon sending the Region payroll information for employees as of the date (December 18, 2021) immediately *preceding* the filing of the Petition. It is wholly unclear why the Region would use a date after the Petition was filed.

26-60238.15454        Non-Record Materials



why the Region decided the unit was something different for purposes of checking the showing of interest than what is expressly described in the ALU's Petition. Not only has the ALU never amended its Petition, it unequivocally states in its RSOP, "the Petitioner would contend that the petitioned for unit should be deemed appropriate."

The purpose of the showing of interest check is to determine whether a substantial number of employees desire to be represented by the union, and whether government resources (time and money) should be expended on an election that will likely involve close to 8,000 employees. While you have indicated the Region has concluded its investigation, it seems clear there is a substantial discrepancy between the actual unit the ALU admits it petitioned for, and the Region's self-selected unit. It is simply improper for the Region to unilaterally shrink the unit by up to 1,500 active Amazon employees by changing the petitioned-for unit, or whatever else the Region did to conclude the unit only has 6,038 employees.

As you know, this election is the subject of intense global scrutiny; thus, it is critically important that the employees and the public have confidence in the Agency's processes. This requires prompt and transparent resolution of these discrepancies, well before the representation hearing scheduled for February 16, 2022. Thus, we write to request a meeting (via videoconference) to discuss the Region's "Report on Investigation of Interest" Form NLRB-4069. We look forward to hearing from you, and will make ourselves available for a meeting at a mutually agreeable time.

Sincerely,

*Kurt G. Larkin and Amber M. Rogers*

Kurt G. Larkin
Amber M. Rogers

26-60238 15455 050486000010 EMF_US 88681341        Non-Record Materials

# EXHIBIT A

26-60238.15456

Non-Record Materials

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**Amazon.com Services LLC**

**Employer**

**and**                                                **Case 29-RC-288020**

**Amazon Labor Union**

**Petitioner**

**REPORT ON INVESTIGATION OF INTEREST**

The undersigned agent of the National Labor Relations Board has investigated the evidence of representation submitted by the Petitioner and/or labor organization(s) claiming an interest in the above case. The statistical results of this investigation are set forth below.

**1.** The following organizations were requested in writing on the indicated dates to submit evidence of representation, if any, but have failed to do so. *If none, so state.*

| Name and Affiliation of Labor Organization | Date of Request |
|---|---|
| | |

**Mark either 2a or 2b, as applicable.**

| | | |
|---|---|---|
| **a** | | Designation and payroll information pertaining to the unit claimed appropriate by the labor organization listed in the first column according to a ***Complete_X___  Spot____*** check of the Employer's payroll for the period ending 12/25/2021_____. |
| **b.** | | Although requested, no payroll list submitted. |

| Name of Union/Petitioner (Abbreviate) | Type of Unit Claimed Appropriate | # Employees in Unit | % of names in unit on payroll list among the timely designations submitted by Union/Petitioner OR % of employees in unit based on "No. of Employees in Unit" listed on the face of the petition. Indicate Category 1 (Less than 10%), Category 2 (10-29.9%), or 3 (30% or above). *If interest is based on contract, so state.* |
|---|---|---|---|
| **A** Amazon Labor Union | FC Associate I, working at JFK8 building | 6038 | **Union A/Petitioner   Category**  3 <br> **Designations are current:** <br> **Yes**  X        **No** |
| **B** | | | **Union B   Category** <br> **Designations are current:** <br> **Yes**        **No** |
| **C** | | | **Union C   Category** <br> **Designations are current:** <br> **Yes**        **No** |

**3.** Unit(s), different from those set forth above, the Employer contends appropriate.

| Type of Unit Claimed Appropriate | # Employees in Unit | Union A | Union B | Union C |
|---|---|---|---|---|
| | | Category: | Category: | Category: |

*Date:*   January 25, 2022          *Agent Name:*   Ioulia Fedorova

26-60238.15457                    Non-Record Materials

| From: | Fedorova, Ioulia |
|---|---|
| **To:** | Rogers, Amber; Larkin, Kurt G. |
| **Cc:** | King, Kathy Drew; Poor, Teresa J. |
| **Subject:** | RE: Case No. 29-RC-288020, Amazon.com Services LLC - Request for Meeting |
| **Date:** | Monday, February 7, 2022 4:26:00 PM |
| **Attachments:** | ~WRD0002.jpg |
| | LTR.29-RC-288020.Regional Director"s Response to Letter Requesting a Meeting_.pdf |

Dear Ms. Rogers and Mr. Larkin:

Please see the Regional Director's response to your February 4, 2022 letter.

Thank you,
Ioulia

Ioulia Fedorova
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, New York 11201
Direct: 718-765-6191

---

**From:** Rogers, Amber <arogers@hunton.com>
**Sent:** Monday, February 7, 2022 8:43 AM
**To:** King, Kathy Drew <KathyDrew.King@nlrb.gov>; Poor, Teresa J. <Teresa.Poor@nlrb.gov>;
Fedorova, Ioulia <Ioulia.Fedorova@nlrb.gov>
**Cc:** Larkin, Kurt G. <klarkin@hunton.com>
**Subject:** RE: Case No. 29-RC-288020, Amazon.com Services LLC - Request for Meeting

Regional Director Drew-King, Assistant Director Poor, and Field Examiner Fedorova,

Following up on the below request. Can you please let us know when you are available to
discuss this petition.



**Amber Rogers**
Partner
arogers@HuntonAK.com
p 214.468.3308
bio | vCard

Hunton Andrews Kurth LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

HuntonAK.com

This communication is confidential. If you are not an intended recipient, please
advise by return email immediately and then delete this message, including all

26-60238.15458          Non-Record Materials

copies and backups.

---

**From:** Rogers, Amber
**Sent:** Friday, February 4, 2022 8:27 AM
**To:** King, Kathy Drew <KathyDrew.King@nlrb.gov>; Poor, Teresa J. <Teresa.Poor@nlrb.gov>; Fedorova, Ioulia <Ioulia.Fedorova@nlrb.gov>
**Cc:** Larkin, Kurt G. <klarkin@hunton.com>
**Subject:** Case No. 29-RC-288020, Amazon.com Services LLC - Request for Meeting


Regional Director Drew-King, Assistant Director Poor, and Field Examiner Fedorova,

Attached is correspondence related to the above-referenced case.


Amber




**Amber Rogers**
Partner
arogers@HuntonAK.com
p   214.468.3308
bio  |  vCard

Hunton Andrews Kurth LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

HuntonAK.com

This communication is confidential. If you are not an intended recipient, please advise by return email immediately and then delete this message, including all copies and backups.

Non-Record Materials

UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

Agency Website: www.nlrb.gov
Telephone: (718)330-7713
Fax: (718)330-7579

February 7, 2022

Kurt G. Larkin, Esq.
Hunton Andrews Kurth LLP
Riverfront Plaza
951 E. Byrd Street, Suite 700
Richmond, VA 23219

Amber M. Rogers, Esq.
Hunton Andrews Kurth LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, TX  75202

Re:   Amazon.com Services LLC
       Case 29-RC-288020

Dear Ms. Rogers and Mr. Larkin:

This responds to your February 4, 2022, letter requesting a meeting to discuss the showing of interest check in the above-referenced case. While I am always willing to meet with parties and am prepared to meet with both of you, please be advised I will not discuss the showing of interest check at any meeting. The Region has found that the Union provided a sufficient showing of interest in the petitioned-for unit to support the further processing of the petition in this matter.

The showing of interest check is an administrative matter and the manner, method, and procedure in determining the showing of interest is not for disclosure. *Pacific Gas & Electric Co.*, 97 NLRB 1397, 1398 fn. 3 (1951).  Furthermore, the decision to continue processing the petition does not disenfranchise employees because this administrative decision has no bearing on whether a question concerning representation exists, or on inclusion and unit scope issues**.** *Sheffield Corp.*, 108 NLRB 349, 350 (1954).  Thus, your assertion in your letter dated February 4, 2022, that 20% of the petitioned for unit of employees are being "disenfranchised" is meritless.  The showing of interest only determines whether the Region will continue to process a petition for a representation election.  It by no means determines the eligibility of certain employees to vote in a representation election should one take place.

I am available to meet on Thursday, February 10, 2022, at 2 pm.  Please confirm your availability to meet at that time.

Very truly yours,

Kathy Drew King
Regional Director

26-60238.15460                              Non-Record Materials

| | |
|---|---|
| **AMAZON.COM SERVICES LLC,**<br><br>Employer,<br><br>and<br><br>**AMAZON LABOR UNION,**<br><br>Petitioner. | Case No.　　29-RC-288020 |

## EMPLOYER'S PETITION TO REVOKE
## SUBPOENA DUCES TECUM B-1-1FVZBWV

Pursuant to Section 102.66(f) of the National Labor Relations Board's ("NLRB" or the "Board") Rules and Regulations, Employer, Amazon.com Services LLC ("Amazon" or "Employer"), petitions to revoke the subpoena *duces tecum* (Subpoena No. B-1-1FZBWV) accepted for purposes of service on June 28, 2022 by undersigned counsel pursuant to an agreement with Petitioner's counsel. A copy of the Subpoena is attached as Exhibit A. The Petition is timely filed within five business days after the date of service of the Subpoena, as required by Section 102.66(f) of the Board's Rules and Regulations.

## I.　　INTRODUCTION

Petitioner's subpoena, untimely and unduly burdensome, should be revoked. The 124 categories of irrelevant and overbroad requests are nothing more than a pretext for unbridled discovery. On the eve of the hearing, Petitioner notified Amazon, for the first time, that a subpoena seeking 124 categories of documents had been sent via certified mail directly to JFK8 (Amazon's warehouse). *See* Exhibit B. Expecting Amazon to respond to 124 overbroad categories of documents in the middle of an Objections Hearing is unduly burdensome—particularly where the

26-60238.15461　　　　　　　　Non-Record Materials

requests implicate thousands of documents from an untold number of custodians about a range of irrelevant topics.

As such, and discussed in more detail below, Amazon's Petition to Revoke should be granted because (1) the subpoena was untimely served—contrary to the procedures spelled out in NLRB Casehandling Manual; (2) the Requests are unduly burdensome and not proportional to the needs of this case; (3) many of the Requests are temporally and/or substantively overbroad, thereby subjecting Amazon to undue burden; (4) the Requests seek information and documents that are not relevant to this proceeding; and (5) many of the Requests seek information protected by the attorney-client privilege, attorney-work-product privilege.

## II. ARGUMENT

The NLRB's Rules and Regulations establish that a subpoena will be revoked "if in [the Hearing Officer's] opinion the evidence whose production is required does not relate to any matter under investigation or in question in the proceedings or the subpoena does not describe with sufficient particularity the evidence whose production is required, or if for any other reason sufficient in law the subpoena is otherwise invalid." *See* 29 C.F.R. § 102.66(f); *Brink's Inc.*, 281 N.L.R.B. 468 (1986). This is echoed in the NLRB's Casehandling Manual which states petitions to revoke "should seek relevant evidence and should be drafted as narrowly and specifically as practicable." NLRB Casehandling Manual (Part 2) Sec. 11776. Accordingly, the Board has revoked subpoenas it has deemed unduly burdensome or unreasonably broad, as well as subpoenas that have requested the production of information outside the relevant scope and time period. *See e.g., Smitty's Supermarkets, Inc.*, 310 N.L.R.B. 1377, 1377-78 (1993) (revoking portions of subpoena seeking documents irrelevant to the charge and affirming ALJ's imposition of limitations on temporal scope and subject matter of other portions of subpoena).

2

26-60238.15462

Non-Record Materials

Additionally, the NLRB's Casehandling Manual outlines that the proper timing for service of a subpoena is "at least 2 weeks prior to the return date at hearing, but, at any rate in sufficient time to allow 5 days after receipt of the subpoena to petition to revoke the subpoena." NLRB Casehandling Manual (Part 2) Sec. 11778. The ALU's subpoena violates both NLRB tenets. The subpoena was not sent to undersigned counsel until the night before the start of the hearing—well beyond the 2 weeks threshold set forth by the NLRB.[1] Because the ALU's subpoena flagrantly violates the NLRB's own rules and procedures, the subpoena must be revoked. *See id* at Section 11778.

The Board has also held that the Federal Rules of Civil Procedure should serve as a guide to determine "any other reason sufficient in law" to revoke a subpoena, including for the reasons set forth in Federal Rule of Civil Procedure 27(c)(1)—*i.e.*, annoyance, embarrassment, oppression, or undue burden or expense. *Brink's Inc.*, 281 NLRB at 469. Accordingly, a subpoena must be "for a legitimate purpose, the inquiry in question must be reasonably related to the purpose, and the demand for information must not be overly broad, indefinite or otherwise unreasonable." *NLRB v. U.S. Postal Serv.*, 790 F. Supp. 31, 34 (D.D.C. 1992). Where documents are to be produced pursuant to a subpoena, they must be described with certainty and particularity, both with reference to content and time period. *See id.*; Fed. R. Civ. P. 26(b) (limiting the scope of discovery to materials that are relevant to the claim or defense of a party). Mere "fishing expeditions" do not serve the purpose of the Board's Rules and Regulations. *See Millsboro Nursing & Rehab. Ctr., Inc.*, 327 NLRB 879, 879, n.2 (1999).

---

[1] Pursuant to an agreement of the Parties, the undersigned counsel agreed to accept service on behalf of Amazon as of June 28, 2022.

26-60238.15463

Non-Record Materials

Here, the Subpoena contains 124 Requests, which encompass tens of thousands of potentially responsive documents that are not pertinent to the Objections. The considerable burden and expense to Amazon in obtaining information responsive to the Subpoena, much of which would be irrelevant or of limited utility, far outweighs its *de minimis* benefit. Amazon, therefore, submits the following General and Specific Objections to the Subpoena.[2]

## III. GENERAL OBJECTIONS

### A. The ALU's Subpoena is untimely and serves as nothing more than a pretext for exhaustive discovery

The fact that the ALU knew of this hearing since April 29, but did not serve Amazon its subpoena until *after* the hearing began, is sufficient in and of itself to revoke the subpoena. The ALU has essentially forced Amazon—mid hearing—to divert attention and resources from the Objections hearing so it can entertain a "fishing expedition" for tens of thousands of irrelevant documents. It is exactly this type of mid-hearing obstruction that the NLRB rejects in its Casehandling Manual where it explicitly states that trial subpoenas should be served at least 2 weeks prior to the return date. *See* NLRB Casehandling Manual (Part 2) Sec. 11778; *see also* NLRB Casehandling Manual (Part 1) Sec. 11778 (stating in pertinent part that ULP trial subpoenas

---

[2] Amazon responds to these Requests subject to the Argument and General and Specific Objections set forth herein. The responses and objections contained in this Petition are based upon only that information and those documents presently available and specifically known to Amazon. These responses are made in good faith, but should in no way prejudice Amazon in relation to further investigation, discovery, research, or analysis. Amazon expressly reserves its right to introduce and rely upon any information and documents not provided in these responses and objections at hearing or trial, or at any other stage of this proceeding. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses. That Amazon has responded to a request should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by such request, or that such response constitutes evidence of any fact thus set forth or assumed. Amazon's responses are made without waiver of any rights, including but not limited to: (a) the right to raise any and all questions of authenticity, foundation, relevancy, materiality, privilege and admissibility; (b) the right to object on any ground to the use of any information identified in response to the requests in this or any other action; (c) the right to object on any ground to the introduction into evidence of said information identified in response to the requests; and (d) the right to revise, correct, supplement, or clarify any of these responses at any time, including at hearing or trial.

4

26-60238.15464          Non-Record Materials

should be served "at least 2 weeks prior to trial"). The ALU had an abundance of time to *ensure* that Amazon was served prior to the start of the hearing. They did not. As such, the ALU's subpoena must be revoked in its entirety.

> **B.** **Certain portions of the Subpoena should be revoked to the extent compliance therewith would require unduly burdensome and unreasonable ESI searches.**

A subpoena should be quashed or modified if it "subjects a person to undue burden" or "fails to allow reasonable time for compliance." *See* Fed. R. Civ. P. 45(c)(3)(A). This is particularly true for unduly burdensome requests for ESI. *See* UPMC, 366 NLRB No. 185, slip op. at 1 n.3 (2018) (affirming judge's order revoking subpoenas' request for all electronically stored information, which was unduly burdensome and affirming judge's reliance on The Sedona Principles: Best Practices); *Lindsay v. Fuyao Glass Am. Inc.*, No. 3:16-MC-00007, 2017 WL 1276728, at *2 (S.D. Ohio Apr. 6, 2017), report and recommendation adopted, No. 3:16- MC-7, 2018 WL 1166628 (S.D. Ohio Mar. 5, 2018) (finding subpoena unduly burdensome and granting petition to revoke in part).

Here, the Subpoena does not limit the Requests eliciting ESI to any particular Amazon employees in possession or control of the requested information. The Requests contain no reasonable limiting principle and do not limit collection to a reasonable and relevant group of custodians. To the contrary, the Requests, as written, seemingly require Amazon to search the electronic communications of almost every employee at the JFK8 facility without regard to their connection to the incidents alleged in the Objections. To fully comply with the Subpoena as written, Amazon would have to undergo a time-consuming search and compilation of documents that would be unduly burdensome. Such overly broad requests violate the letter and spirit of the Rules, create an undue burden for Amazon, and unfairly require Amazon to conduct expensive

26-60238.15465

Non-Record Materials

and time-consuming searches.  The Requests that elicit ESI should, therefore, be revoked or limited substantially.  *See* UPMC, 366 NLRB No. 185, slip op. at 1 n.3 (2018); Fed. R. Civ. P. 45(c)(3)(A).

**C.      The Subpoena should be revoked to the extent it seeks confidential and/or privileged information.**

The Subpoenas should also be revoked to the extent they seek documents that are confidential and/or protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege.  Federal Rule of Civil Procedure 45(d)(3)(A) provides that a subpoena shall be quashed or modified if it "requires disclosure of privileged or other protected matter and no exception or waiver applies."

Amazon further objects generally to the Subpoena to the extent it seeks documents containing any private and personal identifying information regarding its employees. Such documents, to the extent they are otherwise non-privileged and relevant to the issues alleged in this proceeding, will be produced only upon execution of a mutually acceptable confidentiality stipulation, then followed by an order.  All documents provided herein are provided for use in this proceeding only and for no other purpose.

The Subpoena does not contain any limitations or provisions for documents that are privileged or confidential. In fact, it explicitly demands communications and documents that are from "Amazon's lawyers" without any consideration as to the privileged nature of such documents.  The Subpoena should, therefore, be revoked to the extent they encompass privileged and/or confidential documents.

**D.      The Subpoena should be revoked to the extent it seeks documents for purposes of obtaining information wholly unrelated to this matter.**

The Subpoena should also be revoked to the extent it seeks documents that are wholly unrelated to the present case and are requested for purposes of obtaining evidence for other potential matter not before the Board in this matter.  Such "fishing expeditions" do not serve the

26-60238.15466

Non-Record Materials

purpose of the Board's Rules and Regulations or the NLRA. *See Millsboro Nursing & Rehab. Ctr., Inc.*, 327 NLRB 879, 879, n.2 (1999).

Here, the Subpoena contains 124 Requests that encompass tens of thousands of responsive documents *not pertinent to the Objections*. Many of these Requests are vague and irrelevant and contain no limiting language or provisions. For that reason—as well as all the other reasons set forth in this Petition—the ALU's subpoena should be revoked.

## IV.     SPECIFIC OBJECTIONS AND RESPONSES

In addition to its Arguments and General Objections stated above, which are incorporated into each of the specific responses below, Amazon sets forth the following specific objections and responses to each of the following Requests in the Subpoena:

**REQUEST NO. 1. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 1 of its "Objections to the Results of the Election" at JFK8.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 2. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 2 of its "Objections to the Results of the Election" at JFK8.**

26-60238.15467

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 3.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 3 of its "Objections to the Results of the Election" at JFK8.

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 4.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 4 of its "Objections to the Results of the Election" at JFK8.

26-60238.15468

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 5.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 5 of its "Objections to the Results of the Election" at JFK8.

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 6.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 6 of its "Objections to the Results of the Election" at JFK8.

26-60238.15469

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 7.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 7 of its "Objections to the Results of the Election" at JFK8.

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 8.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 8 of its "Objections to the Results of the Election" at JFK8.

10

26-60238.15470

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 9.** **Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 9 of its "Objections to the Results of the Election" at JFK8.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 10.** **Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 10 of its "Objections to the Results of the Election" at JFK8.**

26-60238.15471

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 11.** **Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 11 of its "Objections to the Results of the Election" at JFK8.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 12.** **Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 12 of its "Objections to the Results of the Election" at JFK8.**

26-60238.15472

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 13.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 13 of its "Objections to the Results of the Election" at JFK8.

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 14.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 14 of its "Objections to the Results of the Election" at JFK8.

26-60238.15473

Non-Record Materials

OBJECTION: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 15.** **Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 15 of its "Objections to the Results of the Election" at JFK8.**

OBJECTION: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 16.** **Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 16 of its "Objections to the Results of the Election" at JFK8.**

26-60238.15474

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 17.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 17 of its "Objections to the Results of the Election" at JFK8.

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 18.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 18 of its "Objections to the Results of the Election" at JFK8.

26-60238.15475

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 19.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 19 of its "Objections to the Results of the Election" at JFK8.

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 20.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 20 of its "Objections to the Results of the Election" at JFK8.

26-60238.15476

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 21.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 21 of its "Objections to the Results of the Election" at JFK8.

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 22.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 22 of its "Objections to the Results of the Election" at JFK8.

26-60238.15477

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 23.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 23 of its "Objections to the Results of the Election" at JFK8.

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 24.** Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 24 of its "Objections to the Results of the Election" at JFK8.

26-60238.15478

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 25. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 25 of its "Objections to the Results of the Election" at JFK8.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 26. Provide all investigation notes, documents, communications and recordings generated by Amazon.com Services or turned over to Amazon.com Services during any investigation done by Amazon.com Services or its agents in connection with any stated Objection.**

26-60238.15479

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 27. Provide all audio recordings, video recordings, text messages, CHIME messages, articles or social media postings which Amazon may rely on to support Amazon's "Objections to the Results of the Election" at JFK8.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents

26-60238.15480

Non-Record Materials

protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 28.** **Provide all interview and/or investigation notes and interview scripts created by, or for, Amazon in connection with any investigation by Amazon and/or its agents, including but not limited to its lawyers, regarding anything related to the election at JFK8, including but not limited to the ALU or its officers and or members' conduct during the election and or the conduct of the NLRB and its agents, from the beginning of the critical period to the present.**

**OBJECTION**:  Amazon objects to this Request as it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule. Amazon also objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request.

**REQUEST NO. 29.** **Provide all interview and/or investigation notes and interview scripts created by, or for, Amazon in connection with any worker interviews by Amazon and/or its agents, including but not limited to its lawyers, regarding anything related to the election at JFK8, including but not limited to the ALU or its officers and or members' conduct during the election and or the conduct of the NLRB and its agents, from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request as it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule. Amazon also objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope.  *See* Casehandling Manual §

26-60238.15481

*Non-Record Materials*

11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request.

**REQUEST NO. 30.** **Provide all recordings of any worker interviews or questioning by Amazon and or its agents, including but not limited to its lawyers, regarding anything related to the election, including but not limited to its lawyers, regarding anything related to the election, including but not limited to the ALU or its officers and or members' conduct during the election and or the conduct of the NLRB and its agents, from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request as it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule. Amazon also objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope.  *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 31.** **Provide all documents, including but not limited to communications and recordings, of or concerning Amazon's communications with the New York Police Department or about February 23, 2022, which refer to the arrest of Christian Smalls, Brett Daniels and Jason Anthony.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous,

26-60238.15482

Non-Record Materials

and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 32.** **Provide the identity of all Amazon employees and/or their agents who contacted the New York Police Department on behalf of Amazon on or about February 23, 2022 regarding an occurrence or incident in the vicinity of JFK8.**

**OBJECTION**: Amazon objects to this Request on the grounds that it is unduly burdensome, vague, and ambiguous. Amazon also objects to the Request as it has no relevancy to the Objections before the Hearing Officer. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule. Amazon further objects as this Request does not seek any specific or existing documents. Instead, it seeks the "identity" of certain Amazon employees which would require Amazon to create a new document solely for purposes of this request—Amazon objects that the creation of new documents is improper and beyond the scope of this subpoena.

**REQUEST NO. 33.** **Provide the identity of all Amazon employees and or its agents who directed that the New York Police Department be contacted on behalf of Amazon on or about February 23, 2022 regarding an occurrence or incident in the vicinity of JFK8.**

**OBJECTION**: Amazon objects to this Request on the grounds that it is unduly burdensome, vague, and ambiguous. Amazon also objects to the Request as it has no relevancy to

26-60238.15483

Non-Record Materials

the Objections before the Hearing Officer. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.  Instead, it seeks the "identity" of certain Amazon employees which would require Amazon to create a new document solely for purposes of this request—Amazon objects that the creation of new documents is improper and beyond the scope of this subpoena.

**REQUEST NO. 34.** **Provide all documents, including but not limited to communications, between Amazon, its agents or contractors and Dana Miller regarding the election, the ALU and its members, and/or the NLRB and or its officers and agents from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request.  *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 35.** **Provide all documents, including but not limited to communications, between Amazon, its agents or contractors and Natalie Monarrez regarding the election, the ALU and its members, and/or the NLRB from the beginning of the critical period to the present.**

24

26-60238.15484

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 36. Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Christian Smalls from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of

26-60238.15485

Non-Record Materials

documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 37.** **Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Christian Smalls from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 38.** **Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Connor Spence from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake

26-60238.15486

Non-Record Materials

the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 39.** Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Connor Spence from the beginning of the critical period to the present.

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 40.** Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Derrick Palmer and the election from the beginning of the critical period to the present.

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome,

27

26-60238.15487    Non-Record Materials

vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 41.** **Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Derrick Palmer from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 42.** **Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Cassio Mendoza and the election from the beginning of the critical period to the present.**

26-60238.15488

Non-Record Materials

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 43.** **Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Cassio Mendoza from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents

29

26-60238.15489

Non-Record Materials

protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 44.** **Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Michelle Nieves and the election from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 45.** **Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Michelle Nieves from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake

26-60238.15490

*Non-Record Materials*

the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 46.** **Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Justine Medina and the election f [sic] from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 47.** **Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Justine Medina from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome,

26-60238.15491

Non-Record Materials

vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 48.** **Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Tristan Martinez and the election from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 49.** **Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Tristan Martinez from the beginning of the critical period to the present.**

32

26-60238.15492     Non-Record Materials

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 50. Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Madeline Wesley and the election from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of

33

26-60238.15493

Non-Record Materials

documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 51. Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Madeline Wesley from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 52. Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Jason Anthony and the election from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake

34

26-60238.15494

Non-Record Materials

the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 53.** **Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Jason Anthony from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 54.** **Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Angelika Maldonado and the election from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome,

35

26-60238.15495     Non-Record Materials

vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 55.** **Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Angelika Maldonado from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 56.** **Provide all documents, including but not limited to communications, between Amazon, its agents or contractors including but not limited to**

36

26-60238.15496

Non-Record Materials

**Amazon's attorneys, and Amazon's designated observers in case no. 29-RC-288020 from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 57.** **Provide all documents, including but not limited to communications, Amazon [sic], its agents or contractors, including but not limited to Amazon's attorneys, regarding ALU's observers and the election from March 25, 2022 to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

26-60238.15497

Non-Record Materials

Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 58. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, including but not limited to Amazon's attorneys, regarding the NLRB and its agents and the election from March 25, 2022 to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request as it seeks information and the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 59. Provide all CHIME Messages and or other communications in which Amazon supervisory [sic] at JFK8 mentioned potential discipline of any employee for harassing and threatening physical violence and other reprisals against any other JFK8 employee(s) not as alleged at Objection 13.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to



26-60238.15498

Non-Record Materials

this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 60.** **Provide all complaints issued and/or investigations conducted regarding Amazon's Staten Island facilities, including but not limited to JFK8 and or DYY6 initiated or directed by any and all Administrative Agencies that enforce work-related rules, including but not limited to the NYSDHR, OSHA, Workers Compensation and the Office of the Attorney General in the 24-months prior to the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 61.** **Provide all complaints and/or grievances filed with or communicated to Amazon at JFK8 by any hourly full-time and parti-time fulfillment center associates pursuant to Amazon's "Open Door" police or made aware to Amazon via its "Voice of Amazon" platform from January 1, 2021 to the present.**

26-60238.15499

Non-Record Materials

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 62. Provide all responses by Amazon to any and all complaints it received form all hourly full time and regular part time fulfillment center associates from January 1, 2021 to present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of

40

26-60238.15500                     Non-Record Materials

documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 63.** **Provide all ULPs filed against Amazon in the 24-months prior to the critical period and further provide all related documents indicating how long it took for Amazon to respond to requests for information made upon it by the NLRB to investigate and or resolve each ULP [sic].**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 64.** **Provide all employment records and swipe card records for all Amazon Public Relations staff or contractors that ALU had consented for Amazon to use to keep all media off JFK8 property for the days of the Election.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake

41

26-60238.15501

Non-Record Materials

the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 65. Provide all complaints and/or grievances filed with or communicated to Amazon staff and agents, including but not limited to Amazon HR, form March 25, 2022 to the present concerning conduct at the election, including but not limited to "ALU members and agents harassing and threatening physical violence and other reprisals" during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request.  *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 66. Provide all audio and/or video recordings taken by Amazon, its agents and/or contractors of any and all coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held from the beginning of the critical period to the present.**

42

26-60238.15502

Non-Record Materials

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to the term "coercive closed door anti-union meetings" as vague, inaccurate, and inflammatory. Amazon also objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 67. Provide all materials distributed at coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to the term "coercive closed door anti-union meetings" as vague, inaccurate, and inflammatory. Amazon also objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the

43

26-60238.15503      Non-Record Materials

needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 68.** **Provide all documents and communications provided to employees in the Petitioned-for Unit related to coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held from the beginning of the critical period to the present.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to the term "coercive closed door anti-union meetings" as vague, inaccurate, and inflammatory. Amazon also objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 69.** **Provide all documents and communications between Amazon and their Labor Relations Consultants, including but not limited to, Lev Labor LLC, David Burke and Labor Information Services, The Rayla Group LLC, Road Warrior Productions, Edward M. Echanique, and Rock Creek Consulting regarding the election, the union, and/or coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held form the beginning of the critical period to the present.**

26-60238.15504

Non-Record Materials

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to the term "coercive closed door anti-union meetings" as vague, inaccurate, and inflammatory. Amazon also objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 70.** **Provide all documents and communications between Amazon and their Labor Relations Consultants, including but not limited to, Lev Labor LLC, David Burke and Labor Information Services, The Rayla Group LLC, Road Warrior Productions, Edward M. Echanique, and Rock Creek Consulting concerning the ALU's alleged interference with the coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held form the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to the term "coercive closed door anti-union meetings" as vague, inaccurate, and inflammatory. Amazon also objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to

26-60238.15505

Non-Record Materials

having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 71.** **Provide all documents comprising Amazon's campaign materials in the JFK8 election including but not limited to shirts, buttons, flyers and mailers sent to any and all hourly full time and regular part time fulfillment center associates.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 72.** **Provide all responses posted by Amazon in response to employee postings on Voice of Amazon regarding unions, the ALU, or the election at JFK8 from the beginning of the critical period to the present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 73.** **Provide all employee postings on Voice of Amazon regarding unions, the ALU, or the election at JFK8 from the beginning of the critical period to the present.**

26-60238.15506

Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 74.** **Provide all documents, including but not limited to meeting minutes, notes and communication [sic], between Amazon its agents and contractors discussing any changes to the Voice of Amazon platform from January 1, 2021 to present.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 75.** **Provide all complaints and/or grievances filed with or communicated to Amazon HR or any supervisor concerning "ALU officers, agents and/or members interfering with or 'shutting down'" the closed door anti-union sessions, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", and/or "information sessions" regarding the Union or the election, held from the beginning of the critical period to the present.**

47

26-60238.15507     Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to the term "closed door anti-union sessions" as vague, inaccurate, and inflammatory. Amazon further objects to this Request on the grounds that it is unduly burdensome, ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 76.** Provide all police reports filed by Amazon or its agents with the New York Police Department and or any other law enforcement agency during the critical period in connection with the activities of the union or the election at JFK8.

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 77.** Provide all police reports filed by Amazon or its agents with the New York Police Department and or any other law enforcement agency during the critical period alleging trespass at the JFK8 property.

26-60238.15508     Non-Record Materials

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 78.** **Provide all police reports filed by Amazon or its agents with the New York Police Department and or any other law enforcement agency during the 24 months prior to the critical period alleging trespass at the JFK8 property.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 79.** **Provide all documents, including but not limited to communications, between and among Amazon and Metro One Security and or any other private security company concerning trespass at the JFK8 property during the critical period.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to

49

26-60238.15509

*Non-Record Materials*

the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 80.** **Provide all photographs, video and or audio recording of any alleged trespass referred to in the "Objections to the Results of the Election" at JFK8, in Amazon's possession.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 81.** **Provide all documents, including but not limited to communications, between and among Amazon and Metro One Security or any other security firm used at JFK8 from the begging [sic]of the critical period to the present concerning Christian Smalls and other non-employee ALU officers or agents allegedly trespassing at JFK8.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the

50

26-60238.15510

Non-Record Materials

search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 82.** **Provide all photographs, video or audio of the alleged trespass of Christian Smalls and/or other non-employee ALU officers or agents referred to in the "Objections to the Results of the Election" at JFK8, in Amazon's possession.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, ambiguous, and not proportional to the needs of the hearing. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 83.** **Provide all documents, including but not limited to communications, between and among Amazon and Metro One Security or any other private security firm used at JFK8 from January 1, 2020 to the present concerning trespass and related issues during the 24 months prior to the critical period.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the

51

26-60238.15511

Non-Record Materials

search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 84.** **Provide all documents, including but not limited to communications, between and among Amazon and Metro One Security or any other private security firm used at JFK8 from the beginning of the critical period to the present concerning the presence of media during the election.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 85.** **Provide all documents, including but not limited to communications, between Amazon and any staff, agents and or contractors regarding the presence of media during the election at JFK8.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome,

26-60238.15512

Non-Record Materials

ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 86.** Provide all documents, including but not limited to communications, receipts and notes, evidencing food delivery paid for by Amazon delivered to the JFK8 facility for all hourly full-time and regular part-time fulfillment center associates during the critical period.

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 87.** Provide all documents, including but not limited to communications, receipts and notes, evidencing food delivery paid for by Amazon delivered to the JFK8 facility for any employee working in the facility during the critical period.

26-60238.15513

Non-Record Materials

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including, but not limited to, the scope of the request. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, ambiguous, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 88.** **Provide all documents, communications, receipts for the delivery or purchase of "vote no" shirts paid for by Amazon delivered to the JFK8 facility for all hourly full time and regular part time fulfillment center associates including but not limited to "Jodie" during the critical period.**

**OBJECTION**: Without waiving and subject to its Argument and General Objections, Amazon will provide documents responsive to this Request, to the extent such documents exist, are within Amazon's possession or control, can be located upon a reasonable search, and are relevant to the issues alleged in this proceeding.

**REQUEST NO. 89.** **Provide all documents, including but not limited to communications, between and among Amazon, Metro One Security and or any other private security firm used at JFK8 and the NYPD concerning the alleged trespass and arrest of Christian Smalls on or about February 23, 2022.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and

26-60238.15514

Non-Record Materials

ambiguous, not relevant, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 90. Provide all documents, including but not limited to communications, between and among Amazon, Metro One Security or any other private security firm used at JFK8 and the NYPD concerning the arrests of Brett Daniels and Jason Anthony on or about February 23, 2022.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, not relevant, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 91. Provide the video of the interview that was allegedly conducted on Amazon property on the day Christian Smalls was arrested.**

**OBJECTION**: Amazon objects to this Request on the ground that it seeks a video equally available to the requesting party. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request

26-60238.15515

Non-Record Materials

as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 92.** **Provide all complaints and/or grievances filed with Amazon HR or otherwise, including Chime messages and Voice of Amazon postings, concerning ALU officers, agents and/or members polling employees in the Petitioned-for unit during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 93.** **Provide all complaints and/or grievances filed with Amazon HR or otherwise, including Chime messages and Voice of Amazon postings, concerning ALU officers, agents and/or members of the ALU threatening employees in the Petitioned-for unit with a loss of benefits if they do not vote for the ALU during the critical period as alleged under Objection 13.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 94.** **Provide all evidence in Amazon's possession or that Amazon is aware of that the Amazon Labor Union was responsible for the illuminator projection during the critical period at the JFK8 facility.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague

26-60238.15516

Non-Record Materials

and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 95.** **Provide all evidence in Amazon's possession or that Amazon is aware of that the illuminator projection during the critical period at the JFK8 facility had any effect on any voter's decision.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 96.** **Provide all complaints and/or grievances filed with Amazon HR or otherwise, including Chime messages and Voice of Amazon postings, concerning ALU officers, agents and/or members of the ALU gifting marijuana to JFK8 employees.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 97.** **Provide all complaints and/or grievances filed with Amazon HR or otherwise concerning ALU officers, agents and/or members of the ALU telling JFK8 employees that they know how they voted.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

26-60238.15517

Non-Record Materials

**REQUEST NO. 98.** Provide all complaints and/or grievances filed with Amazon HR or otherwise, including Chime messages and Voice of Amazon postings, concerning ALU officers, agents and/or members of the ALU threatening "African" immigrants as referred to in Objection 19.

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 99.** Provide all complaints and/or grievances filed with Amazon HR or otherwise, by employees in the Petitioned-for Unit or otherwise concerning ALU officers, agents and/or members of the ALU videotaping employees in the polling place during the election.

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 100.** Provide all complaints and/or grievances with Amazon HR or otherwise, by employees in the Petitioned-for Unit or otherwise concerning media recording employees while voting during the election.

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 101.** Provide all complaints and/or grievances with Amazon HR or otherwise, by employees in the Petitioned-for Unit concerning surveillance by Christian

26-60238.15518

Non-Record Materials

**Smalls, Gerald Bryson and/or other non-employee ALU officers and/or agents during the critical period.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 102. Provide all policies, procedures, rules and or regulations regarding JFK8 employees filing complaints against other JFK8 employees that is in force and/or was in force at any time during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 103. Provide all policies, procedures, rules and or regulations regarding JFK8 employees filing complaints any issues [sic] at JFK8 or concerning their employment, that is in force and/or was in force at any time during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 104. Provide all policies, procedures, rules and or regulations regarding JFK8 employees filing complaints any issues at JFK8 or concerning their employment, that is in force and/or was in force at any time during the critical period.**

26-60238.15519

*Non-Record Materials*

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 105. Provide all policies, procedures, rules and or regulations and/or work rules regarding meetings and or assembly at JFK8 that is in force and/or was in force at any time during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 106. Provide all policies, procedures, rules and or regulations regarding discipline and grievances at JFK8 that is in force and/or was in force at any time during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 107. Provide all policies, procedures, rules and or regulations and/or work rules regarding food delivery to the JFK8 facility for employees to receive while on break at JFK8 that is in force and/or was in force at any time during the critical period.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon

26-60238.15520     Non-Record Materials

further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 108. Provide all policies, procedures, rules and or regulations and/or work rules regarding any delivery whether from a friend or family member of an employee at JFK8 that is in force and/or was in force at any time during the critical period.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 109. Provide all policies, procedures, rules and or regulations and/or work rules regarding dress code at JFK8, including but not limited to the wearing of union insignia/ALU logo and/or the wearing of clothing with the "Amazon" logo, that is in force and/or was in force at any time during the critical period.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 110. Provide all policies, procedures, rules and or regulations and/or work rules regarding professional conduct at JFK8 that is in force and/or was in force at any time during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague

26-60238.15521

Non-Record Materials

and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 111. Provide all policies, procedures, rules and or regulations and/or work rules regarding harassment, physical violence or threats of such, at JFK8, that is in force and/or was in force at any time during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 112. Provide all policies, procedures, rules and or regulations and/or work rules regarding any threats targeted against immigrant employees at JFK8 that is in force and/or was in force at any time during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 113. Provide all policies, procedures, rules and or regulations and/or work rules regarding Amazon's identification of employees as immigrants from "Africa" at JFK8 that is in force and/or was in force at any time during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

26-60238.15522

Non-Record Materials

**REQUEST NO. 114.** **Provide all policies, procedures, rules and or regulations and/or work rules regarding insubordination at JFK8 that is in force and/or was in force at any time during the critical period.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 115.** **Provide all communications between Amazon and all hourly full time and regular part time fulfillment center associates regarding all of the above policies, procedures and work rules at JFK8 that is [sic] in force and/or was in force at any time during the critical period.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 116.** **Provide all complaints made by Amazon, its agents and or contractors, including but not limited to its Attorneys, about the ALU to the Department of Labor or any other Federal, State or Administrative Agency in the last 24 month period.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon further objects to this Request to the extent that the documents this

63

26-60238.15523     Non-Record Materials

Request seeks are equally available to the requesting party. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 117. Provide the names and observation shift assigned to each Amazon election observer.**

**OBJECTION:** Amazon objects to this Request on the grounds it is vague and ambiguous. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 118. Provide all photos, video and/or audio recordings taken by Amazon election observers from March 25 to March 30, 2022 at the JFK8 Facility, including the parking lot, bus stop and polling location.**

**OBJECTION**: Amazon objects to this Request to the extent that the documents this Request seeks are not in Amazon's possession, custody, or control. Amazon further objects to this Request because it is overly broad and unduly burdensome. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 119. Provide all photos, video and/or audio recordings taken by Amazon, its staff, consultant [sic] and agents from March 25 to March 30, 2022 at the JFK8 Facility, including the parking lot, bus stop and polling location.**

**OBJECTION**: Amazon objects to this Request on the grounds that the use of the phrase "all" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is over broad, unduly burdensome, and vague and ambiguous. Amazon further objects to this Request to the extent that the documents this Request seeks are not in Amazon's possession, custody, or control. Amazon further objects to this

64

26-60238.15524          Non-Record Materials

Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 120. Provide all documents, including but not limited to recordings, communications, text messages, and CHIME messages, created or captured by Amazon election observers during the times in which they were each scheduled to observe the election.**

**OBJECTION**: Amazon objects to this Request on the grounds it is vague and ambiguous, including as to the phrase "captured by." Amazon further objects to this Request to the extent that the documents this Request seeks are not in Amazon's possession, custody, or control. Amazon further objects to this Request because it is overly broad and unduly burdensome. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 121. Provide the call logs for each and every Amazon election observer during the period in such observer was scheduled to observe election.**

**OBJECTION:** Amazon objects to this Request on the grounds it is vague and ambiguous, including as to the phrase "call logs." Amazon further objects to this Request to the extent that the documents this Request seeks are not in Amazon's possession, custody, or control. Amazon further objects to this Request because it is overly broad and unduly burdensome. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 122. Provide swipe card records for entering/exiting JFK8 for all Amazon managers from March 25 - March 30, 2022.**

26-60238.15525

Non-Record Materials

**OBJECTION:** Amazon objects to this Request because it is overly broad and unduly burdensome. Amazon also objects to the Request as it is not relevant to the issues before the Hearing Officer, and therefore disproportional to the needs of this matter.

**REQUEST NO. 123.** **Provide all documents, including but not limited to communications, between Amazon and ABM Cleaning regarding ALU campaign literature.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, not relevant, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

**REQUEST NO. 124.** **Provide all documents, including but not limited to communications, between Amazon and ABM cleaning regarding Amazon campaign literature.**

**OBJECTION:** Amazon objects to this Request on the grounds that the use of the phrase "all documents" is overbroad, including as to time and scope. *See* Casehandling Manual § 11776. Amazon further objects to this Request on the grounds that it is unduly burdensome, vague and ambiguous, not relevant, and not proportional to the needs of the hearing. Amazon further objects to this Request because it is overly broad and unduly burdensome as it requires the search of the ESI of an unlimited number of custodians. For these reasons, Amazon objects to having to undertake the search for ESI sought in this Request. Amazon further objects to this Request to the

26-60238.15526

Non-Record Materials

extent that it seeks information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule.

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

*/s/ Kurt Larkin*
Kurt Larkin
  Riverfront Plaza, East Tower
  951 East Byrd Street
  Richmond, Virginia 23219-4074
(T): 804-788-8200
(F): 804-788-8218
(E): klarkin@HuntonAK.com

Amber Rogers
  Fountain Place
  1445 Ross Avenue, Suite 3700
  Dallas, Texas 75202-2799
(T): 214-979-3000
(F): 214-880-0011
(E): arogers@HuntonAK.com

26-60238.15527

Non-Record Materials

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was electronically filed with the NLRB and was served this 30th day of June, 2022 to:

Seth Goldstein
Law Offices of Seth Goldstein
217 Hadleigh venue
Cherry Hill, NJ 08003
Sgold352002@icloud.com

Retu Singla, Esq.
Julien, Mirer & Singla, PLLC
One Whitehall Street, 16th floor
New York, NY 10004
rsingla@workingpeopleslaw.com

Eric Milner
Simon & Milner
99 W. Hawthorne Ave., Suite 308
Valley Stream, NY 11580
emilner@simonandmilner.com

Ria Julien
Julien, Mirer & Singla, PLLC
One Whitehall Street, 16th floor
New York, NY 10004
rjulien@julienmirer.com

Mara Estudillo
National Labor Relations Board
mara.estudillo@nlrb.gov

Jeanne Mirer
Julien, Mirer & Singla, PLLC
One Whitehall Street, 16th floor
New York, NY 10004
jmirer@julienmirer.com

Lisa Friedheim-Weis
National Labor Relations Board
Lisa.Friedheim-Weis@nlrb.gov

Christopher Doyle
National Labor Relations Board
christopher.doyle@nlrb.gov

Cornele Overstreet
National Labor Relations Board
cornele.overstreet@nlrb.gov

Lisa Dunn
National Labor Relations Board
Lisa.Dunn@nlrb.gov

Elvira Pereda
National Labor Relations Board
elvira.pereda@nlrb.gov

*/s/Kurt Larkin*

26-60238 15528 056136200000010 EMF_US 90051142v7          Non-Record Materials

# EXHIBIT A

26-60238.15529

Non-Record Materials

# SUBPOENA DUCES TECUM

## UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To   Custodian of Records, Amazon Services, LLC, JFK8 Facility, 546 Gulf Avenue, Staten Island, NY 10314

As requested by   Retu Singla, Esq., Julien, Mirer & Singla, PLLC A Working People's Law Center

whose address is   1 Whitehall St., 16th floor    New York         New York         10004
                   (Street)                       (City)           (State)          (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE    a Hearing Officer

of the National Labor Relations Board

at    Zoom Video Hearing

in the City of    Phoenix, Arizona

on    June 13, 2022                                       at    10am              or any adjourned

or rescheduled date to testify in   Amazon.com Services LLC
                                    29-RC-288020
                                    (Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

### SEE ATTACHMENT

If you do not intend to comply with the subpoena, within 5 days (excluding intermediate Saturdays, Sundays, and holidays) after the date the subpoena is received, you must petition in writing to revoke the subpoena. Unless filed through the Board's E-Filing system, the petition to revoke must be received on or before the official closing time of the receiving office on the last day for filing. If filed through the Board's E-Filing system, it may be filed up to 11:59 pm in the local time zone of the receiving office on the last day for filing. Prior to a hearing, the petition to revoke should be filed with the Regional Director; during a hearing, it should be filed with the Hearing Officer or Administrative Law Judge conducting the hearing. See Board's Rules and Regulations, 29 C.F.R Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings) and 29 C.F.R Section 102.111(a)(1) and 102.111(b)(3) (time computation). Failure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court.

**B-1-1FVZBWV**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at   Las Vegas, NV

Dated:    May 06, 2022



*Lauren McFerran*
Lauren McFerran, Chairman

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

26-60238.15530                    Non-Record Materials

Non-Record Materials

**Case 29-RC-288020**

**B-1-1FVZBWV**

## RETURN OF SERVICE

I certify that, being a person over 18 years of age, I duly served a copy of this subpoena

| | | |
|---|---|---|
| ☐ | | by person |
| ☒ X | | by certified mail |
| ☐ | | by registered mail |
| ☐ | | by telegraph |
| ☐ | | by leaving copy at principal office or place of business |

**(Check method used.)**

at Amazon.com Services, LLC, JFK8 Facility

546 Gulf Avenue

Staten Island, NY 10314

on the named person on

Ria Julien,

(Month, day, and year)
June 3, 2022

(Name of person making service)

*atty*

(Official title, if any)

## CERTIFICATION OF SERVICE

I certify that named person was in

attendance as a witness at

on

(Month, day or days, and year)

(Name of person certifying)

(Official title)

# ATTACHMENT

## DEFINITIONS AND INSTRUCTIONS

a. "Amazon," "You" or "Your" or means Amazon.com Services LLC also known as the "Employer" and all of its present or former employees, agents, attorneys, and any other persons or entities acting or purporting to act on its behalf.

b. "And" and "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

c. "Any" shall mean any and all, and is used in the broadest sense possible.

d. "Agreements" shall mean agreements, contracts, arrangements, mutual promises, accords, engagements or undertakings.

e. "Critical period" shall mean the period of time between the date the representation petition was filed in case no. 29-RC-288020 with the NLRB and the ensuing campaign period leading up to the election detailed in the February 17, 2022 Stipulated Election Agreement.

f. "Document" or "Documents" is used herein in the broadest sense of the word and means any and all existing written, printed, typed, electronically stored, photographed or recorded matter of every type and description, however and by whomever prepared and held or maintained in the possession of whomever, including, but not limited to, agents or employees, produced, reproduced, disseminated or made, in any form, including, but not limited to, originals (or copies where originals are unavailable) of all writings, letters, minutes, correspondence, drafts, charts, e-mails, notes, of any type, memoranda, inter-office communications, studies, analyses, reports, sound recordings, voicemails, computer diskettes, CD-ROMs, computer tapes or data, stenographers' notebooks, diaries, desk calendars, or papers similar to any of the foregoing, however denominated. "Documents" shall also include: (i) each copy that is not identical to the original or to any other copy; and (ii) any tangible thing that is called for by or identified in response to any request. or otherwise recorded material of whatever character, records stored on computer or electronically, records kept on microfiche or written by hand or produced by hand and graphic material, including without limitation, checks, cancelled checks, computer hard drives, discs and/or files and all data contained therein, computer printouts, E-mail communications and records, CHIME messages, any marginal or "post-it" or "sticky pad" comments appearing on or with documents, licenses, files, letters, facsimile transmissions, memoranda, telegrams, minutes, notes, contracts, agreements, transcripts, diaries, appointment books, reports, records, payroll records, books, lists, logs, worksheets, ledgers, summaries of records of telephone conversations, summaries of records of personal conversations, interviews, meetings, accountants' or bookkeepers' work papers,

1

Non-Record Materials

records of meetings or conference reports, drafts, work papers, calendars, interoffice communications, financial statements, inventories, news reports, periodicals, press releases, graphs, charts, advertisements, statements, affidavits, photographs, negatives, slides, disks, reels, microfilm, audio or video tapes and any duplicate copies of any such material in the possession of, control of, or available to the subpoenaed party, or any agent, representative or other person acting in cooperation with, in concert with or on behalf of the subpoenaed party.

g. "Election" shall mean the election conducted pursuant to the February 17, 2022 stipulated election agreement in Case no. 29-RC-288020.

h. "JFK8" or the "JFK8 Facility" means the facility located at 546 Gulf Avenue, Staten Island, NY.

i. The "NLRB" means the National Labor Relations Board.

j. "Objection(s)" shall mean information contained in Amazon.com Services LLC's April 8, 2022 "Objections to the results of the election" at JFK8 filed with the NLRB and served upon the Amazon Labor Union.

k. "Person" or "persons" means natural persons, corporations, limited liability companies, partnerships, sole proprietorships, associations, organizations, trusts, joint ventures, groups of natural persons or other organizations, or any other kind of entity.

l. 'Staten Island, New York Facilities" means any of the facilities operated by Respondent in Staten Island, New York commonly referred to as "JFK8," "LDJ5," "DYY6" and "DYX2."

m. "The Union" means the Amazon Labor Union, also known as "ALU" and the "Petitioner."

n. Any copies of documents that are different in any way from the original, such as by interlineation, receipt stamp, notation, or indication of copies sent or received, are considered original documents and must be produced separately from the originals.

o. If any document covered by this subpoena contains codes or classifications, all documents explaining or defining the codes or classifications used in the document must also be produced.

p. Electronically stored information should be produced in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. Documents produced pursuant to this Subpoena must be produced in electronic format to the extent that Respondent maintains those records electronically. ESI responsive to this Subpoena may not be produced in hard copy / paper form. Only those documents which Respondent does not maintain electronically should be re-printed or photocopied for production.

q. Execution of this Subpoena requires a reasonable search of the ESI of all individuals ("custodians") who are most likely to possess information covered by the Subpoena. For all searches of ESI, records should be maintained documenting each "custodian" whose ESI was searched and all hardware and software systems searched. Records should also

26-60238.15533     Non-Record Materials

include who was responsible for the search and the search methodology used including, but not limited to, search terms and software tools.

r.   This Subpoena contemplates production of responsive documents in their entirety, without abbreviation or expurgation.

s.   This Subpoena seeks production of all documents described, including all drafts and non-identical or distribution copies.

t.   All documents produced pursuant to this Subpoena are to be organized according to the Subpoena paragraph to which the document(s) are responsive. Labels referring to that Subpoena paragraph are to be affixed to each document or set of documents.

u.   This Subpoena applies to documents in your possession, custody, or control as well as your present or former agents, attorneys, accountants, advisors, investigators, and any other persons or companies directly or indirectly employed by or connected with Respondent. You are required to conduct a reasonable and diligent search for all requested evidence within your possession, custody or control and to affirmatively advise Counsel for the General Counsel if no responsive evidence exists.

v.   If a claim of privilege is made as to any document which is the subject of this Subpoena, a claim of privilege must be expressly made and you must describe the nature of the withheld document, communication, or tangible thing in a manner that, without revealing information itself privileged or protected, will enable an assessment of the claim to be made. Therefore, if any document responsive to any request made herein is withheld from production on the asserted ground that it is privileged, identify and describe:
    1.   the author;
    2.   the recipient;
    3.   the name of each person to whom the original or a copy was sent;
    4.   the date of the original document; and
    5.   the subject matter of the document.

w.  As to any documents not produced in compliance with this Subpoena on any ground or if any document requested was, through inadvertence or otherwise, destroyed or is no longer in your possession, please state:

x.   This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.
    1.   the author;
    2.   the recipient;
    3.   the name of each person to whom the original or a copy was sent;
    4.   the date of the document;
    5.   the subject matter of the document; and
    6.   the circumstances under which the document was destroyed, withheld or is no longer in your possession.

26-60238.15534

Non-Record Materials

y. The custodian of records of the subpoenaed entity shall be one or more designated agents of Respondent with knowledge concerning the documents to be produced. The custodian(s) of records should be prepared to appear at the hearing and give testimony pursuant to this subpoena.

z. All documents produced pursuant to this subpoena should be presented as they are kept in the usual course of business or organized by the subpoena paragraph to which the document or set of documents is responsive.

aa. This subpoena applies to documents in your possession, custody, or control.

bb. Unless otherwise stated, this subpoena does not supersede, revoke or cancel any other subpoena(s) previously issued in this proceeding.

cc. You are requested to produce all documents and information designated below which are in your possession, custody or control, or in the possession, custody or control of any of your associates, employees, agents, consultants, representatives and anyone else acting on your behalf.

dd. These requests are continuing in nature. In the event you obtain or discover any additional, further, or different information or documents after the production of the documents or things requested herein you are requested to promptly make a supplemental production of documents.

ee. You are requested to produce the original and all non-identical copies, including all drafts, of each document requested. If you are not able to produce the original of any document, please produce the best available copy.

ff. A complete original or copy of each document or thing must be produced, even though only a portion of such document or thing is responsive to one of the numbered requests contained herein. Documents shall not be edited, cut, redacted (except where a claim of privilege is asserted with respect to a portion of a document) or expunged and shall include all attachments, appendices, tables and exhibits and all covering memoranda, letters or documents. Things (e.g., computer data tapes, disks, or CD-ROMS) shall not be altered or modified, unless otherwise directed.

gg. If any document requested herein was at one time in existence, but has been lost, discarded, deleted, destroyed, or is otherwise unavailable, identify each such document including its date, author, and subject matter.

hh. If any document requested herein is maintained in electronic form (e.g., computer files), you are requested to produce each such document in paper form as well as provide a copy of each document in electronic form (i.e., on computer disk, USB drive, or CDROM).

ii. If objections are made to producing any documents, or any portion thereof, or disclosing any information contained therein, in response to any document request, on the basis of a claim of privilege, then, simultaneously with the production of documents, you should submit a privilege log that identifies with respect to each and every document, or portion thereof, withheld on such a basis.

26-60238.15535

Non-Record Materials

jj. If you have any knowledge of any document called for by this discovery request that was at one time, but is no longer in your possession, custody, or control, , identify each such document and state whether it is:

    1. Missing or lost, destroyed or transferred voluntarily or involuntarily to others, and if so, to whom; or how otherwise disposed of; and,

    2. For each such instance, explain the circumstances surrounding the authorization for such disposition; the person authorizing such disposition; and the date of such disposition

## REQUEST FOR DOCUMENTS TO BE PRODUCED IN 29-RC-288020

1. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 1 of its "Objections to the Results of the Election" at JFK8.
2. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 2 of its "Objections to the Results of the Election" at JFK8.
3. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 3 of its "Objections to the Results of the Election" at JFK8.
4. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 4 of its "Objections to the Results of the Election" at JFK8.
5. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 5 of its "Objections to the Results of the Election" at JFK8.
6. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 6 of its "Objections to the Results of the Election" at JFK8.
7. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 7 of its "Objections to the Results of the Election" at JFK8.
8. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 8 of its "Objections to the Results of the Election" at JFK8.
9. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 9 of its "Objections to the Results of the Election" at JFK8.
10. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 10 of its "Objections to the Results of the Election" at JFK8.
11. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 11 of its "Objections to the Results of the Election" at JFK8.
12. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 12 of its "Objections to the Results of the Election" at JFK8.
13. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 13 of its "Objections to the Results of the Election" at JFK8.
14. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 14 of its "Objections to the Results of the Election" at JFK8.
15. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 15 of its "Objections to the Results of the Election" at JFK8.

26-60238.15536

Non-Record Materials

16. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 16 of its "Objections to the Results of the Election" at JFK8.
17. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 17 of its "Objections to the Results of the Election" at JFK8.
18. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 18 of its "Objections to the Results of the Election" at JFK8.
19. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 19 of its "Objections to the Results of the Election" at JFK8.
20. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 20 of its "Objections to the Results of the Election" at JFK8.
21. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 21 of its "Objections to the Results of the Election" at JFK8.
22. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 22 of its "Objections to the Results of the Election" at JFK8.
23. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 23 of its "Objections to the Results of the Election" at JFK8.
24. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 24 of its "Objections to the Results of the Election" at JFK8.
25. Provide all documents, including but not limited to communications, that Amazon relies on to support Objection 25 of its "Objections to the Results of the Election" at JFK8.
26. Provide all investigation notes, documents, communications and recordings generated by Amazon.com Services or turned over to Amazon.com Services during any investigation done by Amazon.com Services or its agents in connection with any stated Objection.
27. Provide all audio recordings, video recordings, text messages, CHIME messages, articles or social media postings which Amazon may rely on to support Amazon's "Objections to the Results of the Election" at JFK8.
28. Provide all interview and/or investigation notes and interview scripts created by, or for, Amazon in connection with any investigation by Amazon and/or its agents, including but not limited to its lawyers, regarding anything related to the election at JFK8, including but not limited to the ALU or its officers and or members' conduct during the election and or the conduct of the NLRB and its agents, from the beginning of the critical period to the present.
29. Provide all interview and/or investigation notes and interview scripts created by, or for, Amazon in connection with any worker interviews conducted by Amazon and/or its agents, including but not limited to its lawyers, regarding anything related to the election at JFK8, including but not limited to the ALU or its officers and or members' conduct during the election and or the conduct of the NLRB and its agents, from the beginning of the critical period to the present.
30. Provide all recordings of any worker interviews or questioning by Amazon and or its agents, including but not limited to its lawyers, regarding anything related to the election, including but not limited to the ALU or its officers and or members' conduct during the election and or the conduct of the NLRB and its agents, from the beginning of the critical period to the present.

26-60238.15537          Non-Record Materials

31. Provide all documents, including but not limited to communications and recordings, of or concerning Amazon's communications with the New York Police Department or about February 23, 2022, which refer to the arrest of Christian Smalls, Brett Daniels and Jason Anthony.

32. Provide the identity of all Amazon employees and/or their agents who contacted the New York Police Department on behalf of Amazon on or about February 23, 2022 regarding an occurrence or incident in the vicinity of JFK8.

33. Provide the identity of all Amazon employees and or its agents who directed that the New York Police Department be contacted on behalf of Amazon on or about February 23, 2022 regarding an occurrence or incident in the vicinity of JFK8.

34. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors and Dana Miller regarding the election, the ALU and its members, and/or the NLRB and or its officers and agents from the beginning of the critical period to the present.

35. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors and Natalie Monarrez regarding the election, the ALU and its members, and/or the NLRB from the beginning of the critical period to the present.

36. Provide all documents, including but not limited to communications, between Amazon, its agents and or contractors, regarding Christian Smalls from the beginning of the critical period to the present.

37. Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Christian Smalls from the beginning of the critical period to the present.

38. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, regarding Connor Spence from the beginning of the critical period to the present.

39. Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Connor Spence from the beginning of the critical period to the present.

40. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, regarding Derrick Palmer and the election from the beginning of the critical period to the present.

41. Please provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Derrick Palmer from the beginning of the critical period to the present.

42. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, regarding Cassio Mendoza and the election from the beginning of the critical period to the present.

43. Provide all documents including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Cassio Mendoza from the beginning of the critical period to the present.

26-60238.15538

Non-Record Materials

44. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, regarding Michele Nieves and the election from the beginning of the critical period to the present.
45. Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Michele Nieves from the beginning of the critical period to the present.
46. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, regarding Justine Medina and the election f from the beginning of the critical period to the present.
47. Provide all documents, including but not limited to communications written or recorded in any manner between Amazon's lawyers and its agents and or contractors, regarding Justine Medina from the beginning of the critical period to the present.
48. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, regarding Tristan Martinez and the election from the beginning of the critical period to the present.
49. Provide all documents, including but not limited to communications written or recorded in any manner, between Amazon's lawyers and its agents and or contractors, regarding Tristan Martinez from the beginning of the critical period to the present.
50. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, regarding Madeline Wesley and the election from the beginning of the critical period to the present.
51. Provide all documents, including but not limited to communications written or recorded in any manner between Amazon's lawyers and its agents and or contractors, regarding Madeline Wesley from the beginning of the critical period to the present.
52. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, regarding Jason Anthony and the election from the beginning of the critical period to the present.
53. Provide all documents, including but not limited to communications written or recorded in any manner between Amazon's lawyers and its agents and or contractors, regarding Jason Anthony from the beginning of the critical period to the present.
54. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, regarding Angelika Maldonado and the election from the beginning of the critical period to the present.
55. Provide all documents, including but not limited to communications written or recorded in any manner between Amazon's lawyers and its agents and or contractors, regarding Angelika Maldonado from the beginning of the critical period to the present.
56. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors including but not limited to Amazon's attorneys, and Amazon's designated observers in case no. 29-RC-288020 from the beginning of the critical period to the present.
57. Provide all documents, including but not limited to communications, Amazon, its agents or contractors, including but not limited to Amazon's attorneys, regarding ALU's observers and the election from March 25, 2022 to the present.

26-60238.15539

Non-Record Materials

58. Provide all documents, including but not limited to communications, between Amazon, its agents or contractors, including but not limited to Amazon's attorneys, regarding the NLRB and its agents and the election from March 25, 2022 to the present.

59. Provide all CHIME Messages and or other communications in which Amazon supervisory at JFK8 mentioned potential discipline of any employee for harassing and threatening physical violence and other reprisals against any other JFK8 employee(s) not as alleged at Objection 13.

60. Provide all complaints issued and/or investigations conducted regarding Amazon's Staten Island facilities, including but not limited to JFK8 and or DYY6 initiated or directed by any and all Administrative Agencies that enforce work-related rules, including but not limited to the NYSDHR, OSHA, Workers Compensation and the Office of the Attorney General in the 24-months prior to the critical period.

61. Provide all complaints and/or grievances filed with or communicated to Amazon at JFK8 by any hourly full-time and part-time fulfillment center associates pursuant to Amazon's "Open Door" policy or made aware to Amazon via its "Voice of Amazon" platform from January 1, 2021 to present.

62. Provide all responses by Amazon to any and all complaints it received from all hourly full time and regular part time fulfillment center associates from January 1, 2021 to present.

63. Provide all ULPs filed against Amazon in the 24-months prior to the critical period and further provide all related documents indicating how long it took for Amazon to respond to requests for information made upon it by the NLRB to investigate and or resolve each ULP.

64. Provide all employment records and swipe card records for all Amazon Public Relations staff or contractors that ALU had consented for Amazon to use to keep all media off JFK8 property for the days of the Election.

65. Provide all complaints and/or grievances filed with or communicated to Amazon staff and agents, including but not limited to Amazon HR, from March 25, 2022 to the present concerning conduct at the election, including but not limited to "ALU members and agents harassing and threatening physical violence and other reprisals" during the critical period.

66. Provide all audio and/ or video recordings taken by Amazon, its agents and/ or contractors of any and all coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held from the beginning of the critical period to the present.

67. Provide all materials distributed at coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held from the beginning of the critical period to the present.

68. Provide all documents and communications provided to employees in the Petitioned-for Unit related to coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held from the beginning of the critical period to the present.

69. Provide all documents and communications between Amazon and their Labor Relations Consultants, including but not limited to, Lev Labor LLC, David Burke and Labor Information Services, The Rayla Group LLC, Road Warrior Productions, Edward M.

9

26-60238.15540        Non-Record Materials

Echanique, and Rock Creek Consulting regarding the election, the union, and/or coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held from the beginning of the critical period to the present.

70. Provide all documents and communications between Amazon and their Labor Relations Consultants, including but not limited to, Lev Labor LLC, David Burke and Labor Information Services, The Rayla Group LLC, Road Warrior Productions, Edward M. Echanique, and Rock Creek Consulting concerning the ALU's alleged interference with the coercive closed door anti-union meetings, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", "information sessions" and/or captive audience meetings regarding the Union or the election, held from the beginning of the critical period to the present.

71. Provide all documents comprising Amazon's campaign materials in the JFK8 election including but not limited to shirts, buttons, flyers and mailers sent to any and all hourly full time and regular part time fulfillment center associates.

72. Provide all responses posted by Amazon in response to employee postings on Voice of Amazon regarding unions, the ALU, or the election at JFK8 from the beginning of the critical period to the present.

73. Provide all employee postings on Voice of Amazon regarding unions, the ALU, or the election at JFK8 from the beginning of the critical period to the present.

74. Provide all documents, including but not limited to meeting minutes, notes and communication, between Amazon its agents and contractors discussing any changes to the Voice of Amazon platform from January 1, 2021 to present.

75. Provide all complaints and/or grievances filed with or communicated to Amazon HR or any supervisor concerning "ALU officers, agents and/or members interfering with or 'shutting down'" the closed door anti-union sessions, "small group meetings" as referred to in Amazon's Objection 15, "Peak trainings", and/or "information sessions" regarding the Union or the election, held from the beginning of the critical period to the present.

76. Provide all police reports filed by Amazon or its agents with the New York Police Department and or any other law enforcement agency during the critical period in connection with the activities of the union or the election at JFK8.

77. Provide all police reports filed by Amazon or its agents with the New York Police Department and or any other law enforcement agency during the critical period alleging trespass at the JFK8 property.

78. Provide all police reports filed by Amazon or its agents with the New York Police Department and or any other law enforcement agency during the 24 months prior to the critical period alleging trespass at the JFK8 property.

79. Provide all documents, including but not limited to communications, between and among Amazon and Metro One Security and or any other private security company concerning trespass at the JFK8 property during the critical period.

80. Provide all photographs, video and or audio recording of any alleged trespass referred to in the "Objections to the Results of the Election" at JFK8, in Amazon's possession.

81. Provide all documents, including but not limited to communications, between and among Amazon and Metro One Security or any other security firm used at JFK8 from the begging

Non-Record Materials

26-60238.15541

of the critical period to the present concerning Christian Smalls and other non-employee ALU officers or agents allegedly trespassing at JFK8.

82. Provide all photographs, video or audio of the alleged trespass of Christian Smalls and/or other non-employee ALU officers or agents referred to in the "Objections to the Results of the Election" at JFK8, in Amazon's possession.

83. Provide all documents, including but not limited to communications, between and among Amazon and Metro One Security or any other private security firm used at JFK8 from January 1, 2020 to the present concerning trespass and related issues during the 24 months prior to the critical period.

84. Provide all documents, including but not limited to communications, between and among Amazon and Metro One Security or any other private security firm used at JFK8 from the beginning of the critical period to the present concerning the presence of media during the election.

85. Provide all documents, including but not limited to communications, between Amazon and any staff, agents and or contractors regarding the presence of media during the election at JFK8.

86. Provide all documents, including but not limited to communications, receipts and notes, evidencing food delivery paid for by Amazon delivered to the JFK8 facility for all hourly full-time and regular part-time fulfillment center associates during the critical period.

87. Provide all documents, including but not limited to communications, receipts and notes, evidencing food delivery paid for by Amazon delivered to the JFK8 facility for any employee working in the facility during the critical period.

88. Provide all documents, communications, receipts for the delivery or purchase of "vote no" shirts paid for by Amazon delivered to the JFK8 facility for all hourly full time and regular part time fulfillment center associates including but not limited to "Jodie" during the critical period.

89. Provide all documents, including but not limited to communications, between and among Amazon, Metro One Security and or any other private security firm used at JFK8 and the NYPD concerning the alleged trespass and arrest of Christian Smalls on or about February 23, 2022.

90. Provide all documents, including but not limited to communications, between and among Amazon, Metro One Security or any other private security firm used at JFK8 and the NYPD concerning the arrests of Brett Daniels and Jason Anthony on or about February 23, 2022.

91. Provide the video of the interview that was allegedly conducted on Amazon property on the day Christian Smalls was arrested.

92. Provide all complaints and/or grievances filed with Amazon HR or otherwise, including Chime messages and Voice of Amazon postings, concerning ALU officers, agents and/or members polling employees in the Petitioned-for unit during the critical period.

93. Provide all complaints and/or grievances filed with Amazon HR or otherwise, including Chime messages and Voice of Amazon postings, concerning ALU officers, agents and/or members of the ALU threatening employees in the Petitioned-for unit with a loss of benefits if they do not vote for the ALU during the critical period as alleged under Objection 13.

26-60238.15542          Non-Record Materials

94. Provide all evidence in Amazon's possession or that Amazon is aware of that the Amazon Labor Union was responsible for the illuminator projection during the critical period at the JFK8 facility.

95. Provide all evidence in Amazon's possession or that Amazon is aware of that the illuminator projection during the critical period at the JFK8 facility had any effect on any voter's decision.

96. Provide all complaints and/or grievances filed with Amazon HR or otherwise, including Chime messages and Voice of Amazon postings, concerning ALU officers, agents and/or members of the ALU gifting marijuana to JFK8 employees.

97. Provide all complaints and/or grievances filed with Amazon HR or otherwise concerning ALU officers, agents and/or members of the ALU telling JFK8 employees that they know how they voted.

98. Provide all complaints and/or grievances filed with Amazon HR or otherwise, including Chime messages and Voice of Amazon postings, concerning ALU officers, agents and/or members of the ALU threatening "African" immigrants as referred to in Objection 19.

99. Provide all complaints and/or grievances filed with Amazon HR or otherwise, by employees in the Petitioned-for Unit or otherwise concerning ALU officers, agents and/or members of the ALU videotaping employees in the polling place during the election.

100. Provide all complaints and/or grievances with Amazon HR or otherwise, by employees in the Petitioned-for Unit or otherwise concerning media recording employees while voting during the election.

101. Provide all complaints and/or grievances with Amazon HR or otherwise, by employees in the Petitioned-for Unit concerning surveillance by Christian Smalls, Gerald Bryson and/or other non-employee ALU officers and/or agents during the critical period.

102. Provide all policies, procedures, rules and or regulations regarding JFK8 employees filing complaints against other JFK8 employees that is in force and/or was in force at any time during the critical period.

103. Provide all policies, procedures, rules and or regulations regarding JFK8 employees filing complaints any issues at JFK8 or concerning their employment, that is in force and/or was in force at any time during the critical period.

104. Provide all policies, procedures, rules and or regulations and/or work rules regarding employee solicitation at JFK8 that is in force and/or was in force at any time during the critical period.

105. Provide all policies, procedures, rules and or regulations and/or work rules regarding meetings and or assembly at JFK8 that is in force and/or was in force at any time during the critical period.

106. Provide all policies, procedures, rules and or regulations regarding discipline and grievances at JFK8 that is in force and/or was in force at any time during the critical period.

107. Provide all policies, procedures, rules and or regulations and/or work rules regarding food delivery to the JFK8 facility for employees to receive while on break at JFK8 that is in force and/or was in force at any time during the critical period.

108. Provide all policies, procedures, rules and or regulations and/or work rules regarding any delivery whether from a friend or family member of an employee at JFK8 that is in force and/or was in force at any time during the critical period.

12

26-60238.15543

Non-Record Materials

109. Provide all policies, procedures, rules and or regulations and/or work rules regarding dress code at JFK8, including but not limited to the wearing of union insignia/ ALU logo and/or the wearing of clothing with the "Amazon" logo, that is in force and/or was in force at any time during the critical period.

110. Provide all policies, procedures, rules and or regulations and/or work rules regarding professional conduct at JFK8 that is in force and/or was in force at any time during the critical period.

111. Provide all policies, procedures, rules and or regulations and/or work rules regarding harassment, physical violence or threats of such, at JFK8, that is in force and/or was in force at any time during the critical period.

112. Provide all policies, procedures, rules and or regulations and/or work rules regarding any threats targeted against immigrant employees at JFK8 that is in force and/or was in force at any time during the critical period.

113. Provide all policies, procedures, rules and or regulations and/or work rules regarding Amazon's identification of employees as immigrants from "Africa" at JFK8 that is in force and/or was in force at any time during the critical period.

114. Provide all policies, procedures, rules and or regulations and/or work rules regarding insubordination at JFK8 that is in force and/or was in force at any time during the critical period.

115. Provide all communications between Amazon and all hourly full time and regular part time fulfillment center associates regarding all of the above policies, procedures and work rules at JFK8 that is in force and/or was in force at any time during the critical period.

116. Provide all complaints made by Amazon, its agents and or contractors, including but not limited to its Attorneys, about the ALU to the Department of Labor or any other Federal, State or Administrative Agency in the last 24 month period.

117. Provide the names and observation shift assigned to each Amazon election observer.

118. Provide all photos, video and/or audio recordings taken by Amazon election observers from March 25 to March 30, 2022 at the JFK8 Facility, including the parking lot, bus stop and polling location.

119. Provide all photos, video and/or audio recordings taken by Amazon, its staff, consultant and agents from March 25 to March 30, 2022 at the JFK8 Facility, including the parking lot, bus stop and polling location.

120. Provide all documents, including but not limited to recordings, communications, text messages, and CHIME messages, created or captured by Amazon election observers during the times in which they were each scheduled to observe the election.

121. Provide the call logs for each and every Amazon election observer during the period in such observer was scheduled to observe election.

122. Provide swipe card records for entering/exiting JFK8 for all Amazon managers from March 25 – March 30, 2022.

123. Provide all documents, including but not limited to communications, between Amazon and ABM Cleaning regarding ALU campaign literature.

124. Provide all documents, including but not limited to communications, between Amazon and ABM cleaning regarding Amazon campaign literature.

Non-Record Materials

26-60238.15544

# EXHIBIT B

26-60238.15545

Non-Record Materials

| | |
|---|---|
| **From:** | Jeanne Mirer |
| **To:** | Rogers, Amber; Larkin, Kurt G.; Retu Singla; Ria Julien; Eric Milner |
| **Subject:** | Petitioner"s Subpoena regarding the objections |
| **Date:** | Sunday, June 12, 2022 3:57:20 PM |
| **Attachments:** | Petitioner"s subpoena on the objections.pdf |

Caution: This email originated from outside of the firm.

Dear Amber:

We realized today that the Subpoena we sent Certified Mail from Manhattan on June 3, did not yet reach Staten Island. We thought a courtesy copy was sent to you but apparently was not.
We will discuss during the hearing tomorrow.
Sincerely,
Jeanne Mirer

Sent from Mail for Windows

Non-Record Materials