**No. 26-60238**

# In the United States Court of Appeals
# For the Fifth Circuit

AMAZON.COM SERVICES, L.L.C.; AMAZON LABOR UNION NO. 1, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,

*Petitioners/Cross-Respondents*

v.

NATIONAL LABOR RELATIONS BOARD,

*Respondent/Cross-Petitioner*

Petition for Review, National Labor Relations Board Case No. 29-CA-310869

**PETITIONER AMAZON LABOR UNION NO. 1, INTERNATIONAL BROTHERHOOD OF TEAMSTERS' ("ALU-IBT LOCAL 1") BRIEF IN SUPPORT OF PETITION FOR REVIEW**

David O'Brien Suetholz
dsuetholz@teamster.org
Willie J. Burden Jr.
wburden@teamster.org
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, DC 20001

Julie Gutman Dickinson
JGD@bushgottlieb.com
Hector De Haro
hdeharo@bushgottlieb.com
Luke Taylor
ltaylor@bushgottlieb.com
BUSH GOTTLIEB, ALC
801 N. Brand Blvd., Suite 950
Glendale CA 91203
Telephone: (818) 973-3200

*Counsel for ALU-IBT Local 1*
*(Additional Counsel on Next Page)*

4910-9082-6435v1  11135-33004

Edward M. Gleason, Jr.
ed@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL,
LENISKI AND WALL, PLLC
128 C Street NW
Washington, D.C. 20001

Pamela M. Newport
pamela@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL,
LENISKI AND WALL, PLLC
600 Vine Street, Suite 2720
Cincinnati, OH 45202

Richard Griffin
rgriffin@bredhoff.com
BREDHOFF & KAISER, PLLC
805 15th Street NW Ste. 1000
Washington, DC 20005

Jeanne Mirer
jmirer@julienmirer.com
JULIEN, MIRER, & ASSOCIATES, PLLC
1 Pierrepont Plaza, 12th Floor
Brooklyn, NY 11201

4910-9082-6435v1  11135-33004

### CERTIFICATE OF INTERESTED PERSONS

Case No. 26-60238, *Amazon.com Services LLC v. National Labor Relations Board,* and *Amazon Labor Union No. 1, International Brotherhood of Teamsters v. National Labor Relations Board*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

1. Amazon.com Services LLC ("Amazon"), Petitioner.

2. Amazon Labor Union No. 1, International Brotherhood of Teamsters ("ALU-IBT Local 1), Petitioner.

3. National Labor Relations Board ("NLRB"), Respondent.

4. Amber M. Rogers, Counsel for Petitioner Amazon.

5. Kurt Larkin, Counsel for Petitioner Amazon.

6. Elbert Lin, Counsel for Petitioner Amazon.

7. Kevin Elliker, Counsel for Petitioner Amazon.

8. Crystal S. Carey (General Counsel), Counsel for Respondent NLRB.

9. Lynisa B. Michalski (Acting Deputy General Counsel), Counsel for Respondent NLRB.

10. Peter Sung Ohr (Associate General Counsel), Counsel for Respondent NLRB.

11. Ruth E. Burdick (Deputy Associate General Counsel), Counsel for Respondent NLRB.

12. Meredith Jason (Assistant General Counsel), Counsel for Respondent NLRB.

13. Milakshmi V. Rajapakse (Supervisory Attorney), Counsel for Respondent NLRB.

14. Elizabeth A. Heaney (Supervisory Attorney), Counsel for Respondent NLRB.

15. Eric Weitz (Attorney), Counsel for Respondent NLRB.

16. Julie Gutman Dickinson, Counsel for Petitioner ALU-IBT Local 1.

17. Hector De Haro, Counsel for Petitioner ALU-IBT Local 1.

18. Luke Taylor, Counsel for Petitioner ALU-IBT Local 1.

19. David O'Brien Suetholz, Counsel for Petitioner ALU-IBT Local 1.

20. Willie J. Burden Jr., Counsel for Petitioner ALU-IBT Local 1.

21. Richard Griffin, Counsel for Petitioner ALU-IBT Local 1.

22. Jeanne Mirer, Counsel for Petitioner ALU-IBT Local 1.

23. Edward M. Gleason, Jr., Counsel for Petitioner ALU-IBT Local 1.

24. Pamela M. Newport, Counsel for Petitioner ALU-IBT Local 1.

25. Teamsters Amazon National Negotiating Committee.

By:     s/Julie Gutman-Dickinson

Counsel for Petitioner ALU-IBT Local 1

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner Amazon Labor Union No. 1, International Brotherhood of Teamsters believes the issues raised in its petition for review can be decided without oral argument.

# TABLE OF CONTENTS

**Page**

Certificate of Interested Persons ..................................................................i

Statement Regarding Oral Argument .......................................................iv

Table of Contents ........................................................................................v

Table of Authorities....................................................................................vii

ALU-IBT Local 1's Brief in Support of Petition for Review ....................1

    Jurisdictional Statement .........................................................................1

    Issues Presented for Review ...................................................................1

    Statement of Case ...................................................................................2

I.    Amazon has for over four years refused to recognize and bargain with the Union. ...............................................................................2

II.   The Board found Amazon unlawfully refused to recognize and bargain with the Union, and the Board declined to order the remedies at issue here. ...............................................................5

III.  Amazon is a recidivist violator of the Act at this facility and nationwide. ...........................................................................................7

    Summary of Argument..........................................................................16

    Argument...............................................................................................19

I.    Standard for Reviewing Board Action .................................................19

II.   The Board's standard remedies are here clearly inadequate. .....21

    A.   A notice-reading is needed to effectuate the Act. ................23

        1.   Amazon is a recidivist. ...............................................24

        2.   Amazon has engaged in widespread and egregious misconduct—both at JFK8 and across the U.S. .......................................................................30

        3.   Amazon has consistently refused to recognize and bargain with its unionized employees. ................35

        4.   Amazon's threats and surveillance will deter JFK8 employees from reading the notice. ..................40

5.   Notice posting is always inadequate, and thus especially inadequate here...........................................41

B.   Notice distribution to supervisors, managers, and agents is necessary to effectuate the Act............................42

Conclusion .......................................................................................44

Certificate of Service .......................................................................47

Certificate of Compliance................................................................48

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amazon.com Servs. LLC v. NLRB*
151 F.4th 221 (5th Cir. 2025) ........................................................4

*Apple Inc. v. NLRB*
143 F.4th 291 (5th Cir. 2025) ........................................................1

*Brown-Forman Corp. v. NLRB*
169 F.4th 646 (6th Cir. 2026) ......................................................39

*Containair Sys. Corp. v. NLRB*
521 F.2d 1166 (2d Cir. 1975) .......................................................25

*Denton Cnty. Elec. Coop., Inc. v. NLRB*
962 F.3d 161 (5th Cir. 2020)............................................21, 32, 33

*Frankl v. HTH Corp.*
650 F.3d 1334 (9th Cir. 2011).............................................23, 37

*J.P. Stevens & Co. v. NLRB*
417 F.2d 533 (5th Cir. 1969)..................................................*passim*

*NLRB v. Food Store Emps. Union*
417 U.S. 1 (1974).............................................................20, 22

*NLRB v. Kaiser Agric. Chemicals, Div. of Kaiser Aluminum*
*& Chem. Corp.*
473 F.2d 374 (5th Cir. 1973)........................................................20

*NLRB v. U.S. Postal Serv.*
477 F.3d 263 (5th Cir. 2007)........................................................21

*Poor v. Amazon.com Servs. LLC,*
104 F.4th 433 (2d Cir. 2024)........................................................14

*Starbucks Corp. v. NLRB*
173 F.4th 230 (5th Cir. 2026) ......................................................19

*Teamsters Loc. Union No. 639 v. NLRB*
   924 F.2d 1078 (D.C. Cir. 1991) .................................................. 20, 21

*UNF W., Inc. v. NLRB*
   844 F.3d 451 (5th Cir. 2016) ............................................. 21, 27, 33

*United Steelworkers of Am. v. NLRB*
   646 F.2d 616 (D.C. Cir. 1981) ................................................... 24, 25

**NLRB Board Decisions**

*Amazon.com Servs. Inc.*
   374 NLRB No. 138, 2026 NLRB LEXIS 456
   (July 2, 2026) ................................................................ 12, 13, 28, 34

*Amazon.com Servs., LLC*
   373 NLRB No. 96, 2024 NLRB LEXIS 421 (Sep. 10, 2024)........ 13, 14

*Amazon.com Servs. LLC*
   373 NLRB No. 136, 2024 NLRB LEXIS 557 (Nov. 13,
   2024) .................................................................................. 13, 29

*Carey Salt Co.*
   360 NLRB 201 (2014) ...................................................................... 24

*Cemex Constr. Materials Pac., LLC*
   372 NLRB No. 130, 2023 NLRB LEXIS 400 (Aug. 25,
   2023).................................................................................... 38, 39

*F.W. Woolworth Co.*
   310 NLRB 1197 (1993) .................................................................... 33

*Hilton Anchorage*
   371 NLRB No. 151, 2022 NLRB LEXIS 533 (Sept. 29,
   2022) ................................................................................... 41, 42

*Libertyville Toyota*
   360 NLRB 1298 (2014) .................................................................... 31

*Longmont United Hospital*
   374 NLRB No. 52, 2026 NLRB LEXIS 143 (Feb. 26, 2026).............. 37

*Ozburn-Hessey Logistics, LLC*
  366 NLRB No. 177, 2018 NLRB LEXIS 364 (Aug. 27,
  2018)......................................................................................43

*Santa Barbara News-Press*
  358 NLRB 1539 (2012) ......................................................34
  361 NLRB 903 (2014) ........................................................35

*Spike Enter., Inc.*
  373 NLRB No. 41, 2024 NLRB LEXIS 164 (Apr. 10, 2024)........24, 43

*Tecnocap LLC*
  372 NLRB No. 136, 2023 NLRB LEXIS 419 (Aug. 26,
  2023)......................................................................................24

*WR Reserve*
  372 NLRB No. 80, 2023 NLRB LEXIS 185 (Apr. 20, 2023)...... *passim*

## NLRB ALJ Decisions

*Amazon.com Servs. LLC*
  No. 29-CA-261755, JD(NY)-02-24, 2024 NLRB LEXIS 36
  (Jan. 29, 2024)....................................................................14

*Amazon.com Servs. LLC*
  No. 29-CA-297454, JD(NY)-06-24, 2024 NLRB LEXIS
  148 (Mar. 26, 2024).......................................................15, 34

*Amazon.com Servs. LLC*
  No. 19-CA-297441, JD(SF)-12-24, 2024 NLRB LEXIS 193
  (May 1, 2024) .....................................................................15

*Amazon.com Servs. LLC*
  Nos. 29-CA-292844 et al., JD(NY)-12-24, 2024 NLRB
  LEXIS 234 (May 17, 2024)..............................................7, 29

*Amazon.com Servs., LLC*
  Nos. 10-CA-290944 et al., JD(NY)-22-24, 2024 NLRB
  LEXIS 541 (Nov. 5, 2024) ...............................................9, 29

*Amazon.com Servs. LLC*
No. 12-CA-308502, JD-02-25, 2025 NLRB LEXIS 7 (Jan. 7, 2025)......................................................................................9, 29

*Amazon.com Servs., LLC*
No. 28-CA-281240, JD(SF)-03-25, 2025 NLRB LEXIS 21 (Jan. 22, 2025)..............................................................................9, 30

*Amazon.com Servs., LLC*
Nos. 04-CA-297653 et al., JD-09-25, 2025 NLRB LEXIS 38 (Feb. 12, 2025)............................................................... 9, 10, 11

*Amazon.com Servs. LLC*
Nos. 29-CA-296817 et al., JD-37-25, 2025 NLRB LEXIS 131 (May 6, 2025)................................................................ 10, 16, 40

*Amazon.com Servs., LLC*
Nos. 13-CA-301810 et al., JD-63-25, 2025 NLRB LEXIS 213 (Jul. 23, 2025)..................................................................... 10, 15

*Amazon.com Servs., LLC*
Nos. 09-CA-311529 et al., JD-66-25, 2025 NLRB LEXIS 217 (Aug. 18, 2025) ..................................................................... 10, 29

*Amazon.com Servs., LLC*
Nos. 19-CA-295640 et al., JD-86-25, 2025 NLRB LEXIS 263 (Dec. 2, 2025)................................................................ 10, 16, 33

*Amazon.com Servs. LLC*
No. 20-CA-353378, JD-39-26, 2026 NLRB LEXIS 407 (June 22, 2026) ................................................................ 10, 18, 38

## Federal Statutes

29 U.S.C.
§ 160(a).......................................................................................1
§ 160(c) .....................................................................................20
§ 160(e), (f)................................................................................1
§ 160(f).......................................................................................1

**Other Authorities**

Declaration of Ira Pollock In Opposition to Plaintiff's Motion
for Summary Judgment, *Amazon.com Services LLC v.
New York State Public Employment Relations Board, et
al.*, 1:25-cv-5311-EK-MMH (E.D.N.Y. May 26, 2026), Dkt.
No. 71-2 ...................................................................................35

Declaration of Shaun Martinez in Support of IBT's
Opposition to Plaintiff's Motion for Summary Judgment,
*National Labor Relations Board vs. State of California, et
al.*, 2:25-cv-029779-TLN-CKD (E.D.C.A. Dec. 03, 2025),
Dkt. No. 16-2 .............................................................................12

General Counsel's Motion to Remand to Regional Director
for Processing of Informal Board Settlement Agreement,
NLRB Case No. 04-CA-297653 (Feb. 12, 2026) ...............................11

Josh Eidelson, BLOOMBERG NEWS, *Lawmakers Say Trump
NLRB's Amazon Deals Look 'Ethically Dubious'* (June 30,
2026)........................................................................................10

## ALU-IBT LOCAL 1'S BRIEF IN SUPPORT OF PETITION FOR REVIEW

## Jurisdictional Statement

The Board ("Board") of the National Labor Relations Board ("NLRB") issued its Decision and Order on April 1, 2026. The Board had jurisdiction pursuant to 29 U.S.C. § 160(a). Amazon Labor Union No. 1, International Brotherhood of Teamsters ("ALU-IBT Local 1" or the "Union") petitioned the Second Circuit for review on April 10, and its petition was thereafter transferred to this Circuit. Dkt. Nos. 27-1 at 2-3, 27-2 at p. 4 (Apr. 21, 2026). This Court has jurisdiction because the Decision and Order is a final order, and venue is authorized in this Circuit because Amazon.com Services LLC transacts business within this Circuit. *See* 29 U.S.C. § 160(e), (f); *Apple Inc. v. NLRB,* 143 F.4th 291, 296 (5th Cir. 2025). The petition is timely because the National Labor Relations Act ("NLRA" or the "Act") imposes no time limit for such petition. *Id.*

## Issues Presented for Review

1.    Whether the Board abused its discretion by declining to order that (a) its remedial notice be read to Amazon's employees, and (b) a copy of the notice be distributed to Amazon's supervisors,

managers, and agents, along with signed instructions from an Amazon representative that those actors comply with the notice.

## Statement of Case

### I. Amazon has for over four years refused to recognize and bargain with the Union.

Intervenor (the "Union") is a labor union representing employees of Amazon.com Services LLC ("Amazon") who work at Amazon's JFK8 facility ("JFK8") in Staten Island, New York. (ROA.8362, 10253-54); Dkt. No. 27-1 p. 6 (Apr. 21, 2026). Years after these workers voted in an NLRB election to unionize and the Union's predecessor—the ALU—was certified as the employees' exclusive bargaining representative, Amazon has still refused to bargain with them. (ROA.10253-54).

Specifically, the ALU filed a representation petition with the NLRB on December 22, 2021, to request an election for JFK8 workers to vote on whether to unionize with ALU. (ROA.9712). The Union won the eventual election—which took place over five days and concluded on March 30, 2022—by a commanding margin of 523 votes, i.e. by over 10% of the votes cast. (ROA.8362).[1] The Union accordingly requested on

---

[1] Excluding 67 non-determinative challenged ballots, the ballot tally showed 2654 votes for the Union and 2131 votes against. (ROA.8362).

April 2, 2022, to collectively bargain with Amazon on behalf of the JFK8 employees who had designated the ALU as their representative. (ROA.10253). Amazon refused to recognize or bargain with the Union and instead filed objections to the election. (ROA.7990, 10253). The Hearing Officer, Regional Director, and Board all concluded those objections lacked merit. (ROA.7990, 8399, 9688). The Regional Director accordingly certified the Union on January 11, 2023, and the Board affirmed that decision on August 29, 2024. (ROA.10253).

By that point, pursuant to the unfair labor practice charge that the Union had filed on January 25, 2023 (ROA.10252), Region 29 had long since issued its Complaint alleging that Amazon's refusal to recognize and bargain with the Union violated Sections 8(a)(5) and 8(a)(1), (ROA.9698-9703) (Complaint issued July 12, 2023), and the General Counsel had long since filed her Motion for the Board to enter Summary Judgment against Amazon on those allegations, (ROA.9712-9722) (Motion filed August 23, 2023). Yet the Board's ruling on that motion was further delayed by the litigation Amazon commenced in this Circuit as soon as the Board affirmed the Union's certification. Specifically, on September 5, 2024, Amazon filed suit in the U.S.

District Court for the Western District of Texas—a forum far removed from the JFK8 operation in New York—to enjoin the NLRB from certifying the Union as the collective bargaining representative of JFK8 employees, based on Amazon's constitutional claims, *inter alia*, that the NLRA unconstitutionally protects Board members from removal by the President. *See Amazon.com Servs. LLC v. NLRB*, 151 F.4th 221, 225 (5th Cir. 2025). This resulted in protracted litigation in the district court and this Court of Appeals. *See generally id.* (describing such, and ultimately dismissing, for lack of subject matter jurisdiction, Amazon's appeal of claimed "constructive denial" of its motion for injunctive relief). Through this litigation, Amazon obtained an administrative stay on the NLRB's enforcement proceedings that lasted from September 30, 2024 through August 28, 2025, (ROA.10253 fn. 4), during which time the Board lost a quorum and was unable to issue decisions until its quorum was restored in January 2026. Ultimately it took four years before the Board finally ruled—on April 1, 2026—that Amazon had unlawfully refused to recognize and bargain with the Union, in its decision detailed below.

II.    **The Board found Amazon unlawfully refused to recognize and bargain with the Union, and the Board declined to order the remedies at issue here.**

In that April 1 decision, the Board affirmed the Union's certification and ruled Amazon has violated its duty to bargain. (ROA.10253-54). Specifically, the Board found that Amazon violated Sections 8(a)(5) and (1) of the NLRA by failing and refusing to recognize and bargain with the Union after the Union first requested bargaining on April 2, 2022. (ROA.10253-54). The Board ordered Amazon to cease and desist from its unlawful conduct, to bargain with the Union on request, and to post a notice of the Board's findings and order for sixty days. (ROA.10255-56). The Board further ordered that "notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means." *Id*. The Board, however, declined to order, as relevant here, the following remedies that the General Counsel had requested:

> [1] [A requirement that Amazon] by an appropriate [Amazon] Representative . . .  read the Notice to Employees . . . in the presence of a Board agent and a representative of the Charging Party Union, at a meeting(s) convened by [Amazon] for its employees . . . scheduled . . . to ensure the widest possible employee attendance; [and]

> [2] [A requirement that Amazon] . . . hand deliver and email the signed Notice to Employees to all supervisors, managers and agents, along with written instructions signed by an appropriate [Amazon] representative . . . directing them to comply with the provisions of the Notice . . . .

(ROA.9701).

Concerning these and other remedies that the Board refused to issue, the Decision said:

> The General Counsel has requested additional remedies, including that the Notice be read to employees in English and Spanish and that the Notice be hand delivered to all of the Respondent's supervisors, managers, and agents, along with written instructions, signed by an appropriate Respondent representative, directing the Respondent's supervisors, managers, and agents to comply with the Notice. We find that the Board's standard remedies are sufficient to effectuate the policies of the Act and, accordingly, deny the General Counsel's request for additional remedies.

(ROA.10254 at fn. 6).  The Decision then noted that:

> Member Prouty would grant the General Counsel's request for a notice reading, both in English and Spanish as well as any other languages deemed necessary to apprise employees of their Section 7 rights, and would further order that the notice be distributed to employees before it is read, for the reasons stated in his concurrence in *CP Anchorage Hotel 2 d/b/a Hilton Anchorage*, 371 NLRB No. 151 (2022), enfd. 98 F.4th 314 (D.C. Cir. 2024). While he reiterates his view that these remedies should be standard for all unfair labor practices found by the Board, he also notes that they are particularly appropriate where, as here, employees have been deprived of the benefit of their chosen representative

because of the Respondent's unlawful refusal to bargain. *See Longmont United Hospital*, [374 NLRB No. 52,] slip op. at 3 [(Feb. 26, 2026)] (Member Prouty dissenting) (contending that a notice reading is an appropriate remedy where an employer unlawfully refuses to bargain on grounds that it is challenging the union's certification). Member Prouty would also grant the General Counsel's request for the Respondent to physically post and electronically distribute the Notice in English and Spanish as well as any other languages deemed necessary.

(ROA.10254-55 at fn. 6).

### III.   Amazon is a recidivist violator of the Act at this facility and nationwide.

This was not the first time the NLRB found Amazon violated the NLRA. Nor the last. Both at JFK8 and in its national operations, Amazon is a recidivist. In May 2024, in the course of finding that Amazon had committed numerous unfair labor practices at its JFK8 and LDJ5 facilities in Staten Island, New York, Administrative Law Judge Lauren Esposito analyzed Amazon's history of violating the NLRA rights of its employees at those facilities. The Judge found that even by that point, Amazon had already established a "recidivist history" and a "proclivity to violate the act" that "warrants the imposition of extraordinary remedies." *Amazon.com Servs. LLC*, Nos. 29-CA-292844 et al., JD(NY)-12-24, 2024 NLRB LEXIS 234, at *171-174 (May 17, 2024). As Judge Esposito explained:

On March 29, 2024, the Board in *Amazon.com Services, LLC* found that Amazon had violated Section 8(a)(1) of the Act by "promulgating and maintaining an unlawful work rule restricting the access rights of its off-duty employees" from June 30, 2022 to about July 8, 2022. 373 NLRB No. 40, at p. 2. While that case involved an Amazon facility in Campbellsville, Kentucky, the unlawful rule it addressed was applicable on a nationwide basis, including Amazon's facilities in Staten Island, and was the subject of an Informal Settlement Agreement in Case Nos. 13-CA-275270, 13-CA-276695, 13-CA-279376, 29-CA-278982, 29-CA-282693, and 29-CA-284417, that did not contain a non-admissions clause. Furthermore, ALJs, including myself, have issued several other decisions finding that Amazon committed numerous violations of the Act in connection with the ALU organizing campaign and other protected activity at the JFK8 and LJD5 facilities involved in the instant case. See *Amazon.com Services, LLC*, 29-CA-297454, JD(NY)-06-24 (2024 WL 1327987) (finding violations of Section 8(a)(1) based upon Subpoenas served by Amazon on employees in connection with proceedings in Case No. 29-RC-288020, involving the JFK8 representation election, which sought information regarding employee Section 7 activity); *Amazon.com Services, LLC*, 29-CA-261755, JD(NY)-02-24 (2024 WL 339975) and JD(NY)-5-22 (2022 WL 113717[]8) (finding that Amazon violated Section 8(a)(1) by discharging Gerald Bryson from employment at JFK8 in retaliation for his protected concerted activity); *Amazon.com Services, Inc.*, 29-CA-277198, JD(NY)-20-23 (2023 WL 8109473) (finding that Amazon committed numerous violations of Section 8(a)(1) at JFK8, including coercive interrogations, statements conveying that support for the Union was futile, solicitation of employee grievances with promises to remedy them, surveillance and creation of the impression of surveillance of Union activity, confiscation and unlawful restrictions on the distribution of Union literature, and unlawful disparagement of the Union at JFK8 during ALU's organizing campaign); *Amazon.com Services, LLC*, 29-CA-

280153, JD(NY)-1-23 (2023 WL 1107[69]5) (finding discriminatory enforcement of Amazon's Solicitation Policy with respect to VOA Board posts at JFK8, and threats to withhold improvements in wages and benefits during the collective bargaining process made in mandatory employee meetings at JFK8 and LDJ5, which violated Section 8(a)(1)) . . . Finally, on May 1, 2024, an ALJ determined that Amazon's Chief Executive Officer Andy Jassy violated Section 8(a)(1) by threatening employees that they would be less empowered if they were represented by a union, that it would be more difficult to accomplish things quickly because unions are slower and more bureaucratic, and that the employees would be better off without a union. *Amazon.com Services, LLC*, 19-CA-297441, JD(SF)-12-24 (2024 WL 1928644).

*Id.* (recommending extraordinary remedies at LDJ5 facility).

Since then, Amazon's propensity for violating the Act has only grown more indisputable. In the two years since that 2024 decision, ALJs have found that Amazon violated the Act in at least eight other cases consolidating dozens of charges from across the country,[2] with both the

---

[2] *See Amazon.com Servs., LLC*, Nos. 10-CA-290944 et al., JD(NY)-22-24, 2024 NLRB LEXIS 541, at *1, *208 (Nov. 5, 2024) (coercive interrogation and surveillance, threats of plant closure, and confiscation of union materials in the lead-up to an election); *Amazon.com Servs. LLC,* No. 12-CA-308502, JD-02-25, 2025 NLRB LEXIS 7, at *66-67 (Jan. 7, 2025) (retaliatory discipline of worker who raised safety concerns and unlawfully overbroad rules infringing on Section 7 activity); *Amazon.com Servs., LLC*, No. 28-CA-281240, JD(SF)-03-25, 2025 NLRB LEXIS 21, at *95 (Jan. 22, 2025) (overbroad rules regarding document removal and confidentiality during workplace investigations); *Amazon.com Servs., LLC*, Nos. 04-CA-297653 et al., JD-09-25, 2025

Board and ALJs finding violations involving the JFK8 employees in particular. *Infra* pp. 12-16. Further, hundreds of other charges remain pending against Amazon at Regions across the country. This pervasive pattern of unlawful conduct points to a highly coordinated nationwide anti-union campaign promulgated through Amazon's centralized control

---

NLRB LEXIS 38, at *16 & fn. 3 (Feb. 12, 2025) (nationwide unpaid time policy); *Amazon.com Servs. LLC*, Nos. 29-CA-296817 et al., JD-37-25, 2025 NLRB LEXIS 131, at *8, *140 (May 6, 2025) (denial of Weingarten rights, unlawful discipline of Union's vice president of organizing, and unlawful unilateral changes); *Amazon.com Servs., LLC*, Nos. 09-CA-311529 et al., JD-66-25, 2025 NLRB LEXIS 217, at *46-47 (Aug. 18, 2025) (coercive interrogation and surveillance, harassment of union supporters with excessive badge checks, and other violations during an active organizing campaign); *Amazon.com Servs., LLC*, Nos. 13-CA-301810 et al., JD-63-25, 2025 NLRB LEXIS 213, at *131-34 (Jul. 23, 2025) (prohibiting employees from distributing union literature in non-work areas and instructing employees to follow an unlawful solicitation policy); *Amazon.com Servs., LLC,* Nos. 19-CA-295640 et al., JD-86-25, 2025 NLRB LEXIS 263, at *24 (Dec. 2, 2025) (overly broad employment policies that restrict NLRA-protected activity); *Amazon.com Servs. LLC*, No. 20-CA-353378, JD-39-26, 2026 NLRB LEXIS 407, at *27 (June 22, 2026) (unlawful refusal to recognize and bargain with union of employees at San Francisco delivery center). Additionally, an Administrative Law Judge was poised to rule on unfair labor practice allegations against Amazon in Palmdale, California, when the NLRB's new General Counsel, Crystal Carey, suddenly directed the regional office to settle that case mid-trial. Carey's decision to terminate these proceedings against her former client, Amazon, has drawn Congressional scrutiny. *E.g.* Josh Eidelson, BLOOMBERG NEWS, *Lawmakers Say Trump NLRB's Amazon Deals Look 'Ethically Dubious'* (June 30, 2026).

of its warehouses[3] and delivery drivers[4]. Among these charges are pending allegations that Amazon has retaliatorily terminated unionized units wholesale in at least four separate cases nationwide.[5]

---

[3] A prime example is Amazon's unlawful deduction of unpaid time off ("UPT") from employees who chose to exercise their right to go on strike. This was a nationwide, institutionalized policy that punished employees for engaging in protected activity, considering that employees are subject to termination under Amazon's policy once their UPT balances become negative. *Amazon.com Servs., LLC*, Nos. 04-CA-297653 et al., JD-09-25, 2025 NLRB LEXIS 38, at *4 (Feb. 12, 2025). After an ALJ found this policy to be unlawful, *id.* at *14-16 & fn. 3, Amazon agreed to settle this underlying case and restore UPT to all affected employees at facilities across the country. *See generally* Counsel for the General Counsel's Motion to Remand to Regional Director for Processing of Informal Board Settlement Agreement, NLRB Case No. 04-CA-297653 (Feb. 12, 2026); *see id.* at 3 ("Respondent will restore UPT hours deducted from hundreds of employees and remove attendance points from the records of several additional employees."), Attachment A (identifying JFK8 among other facilities subject to the settlement agreement).

[4] Although Amazon claims that it does not employ the delivery drivers wearing Amazon uniforms and driving Amazon trucks across the country—who are nominally employed by allegedly independent Delivery Service Partners—examination of that relationship makes clear that Amazon exercises pervasive control over the terms and conditions of employment for these drivers, making Amazon their employer. The NLRB's prosecutors had introduced overwhelming evidence demonstrating this during the trial involving Amazon's Palmdale, California drivers before the General Counsel suddenly settled that case, as described above, *supra* fn. 2.

[5] *See* Case Nos. 13-CA-345386 (DSP at DIL7 in Skokie, IL); 29-CA-372194 (DSP at DBK4 in Maspeth, NY); 31-CA-381661 (DSP at DFX4 in Victorville, CA); 21-CA-385395 (DSP at DAX7 in South Gate, CA); *see*

All told, apart from Amazon's many violations at facilities elsewhere in the country, the NLRB has found that Amazon violated the NLRA in the following cases involving conduct as to, or policies applicable to, JFK8 employees:

- Numerous violations of Section 8(a)(1) committed at JFK8 in 2021, including coercive interrogations, statements conveying that support for the Union was futile, solicitation of employee grievances with promises to remedy them, surveillance and creation of the impression of surveillance of Union activity, confiscation and unlawful restrictions on the distribution of Union literature, and unlawful disparagement of the Union at JFK8 during ALU's organizing campaign. *Amazon.com Services, Inc.*, 374 NLRB No. 138, slip op. at p. 1 & fn. 1, pp. 40-41, 2026 NLRB LEXIS

---

*also* Declaration of Shaun Martinez in Support of IBT's Opposition to Plaintiff's Motion for Summary Judgment at ¶28, *National Labor Relations Board vs. State of California, et al.*, 2:25-cv-029779-TLN-CKD (E.D.C.A. Dec. 03, 2025), Dkt. No. 16-2 (explaining "at an Amazon facility in Skokie, Illinois, Amazon and its DSP terminated more than a hundred workers in June 2024, almost immediately after they demanded recognition [of their union] . . . .").

456 at same (July 2, 2026) (fifteen violations of Section 8(a)(1) at JFK8 in a single case).

- Unlawfully threatening employees through statements made at JFK8 on March 15, 2022 and also through another statement to an employee, *Amazon.com Servs. LLC*, 373 NLRB No. 136, slip op. at p. 1 & fns. 3 & 5, pp. 5, 51, 2024 NLRB LEXIS 557 at same (Nov. 13, 2024), and discriminatorily enforcing Amazon's solicitation policy to interfere with union activity, *id.* slip op. at p. 1 & fn. 4, pp. 44-46, 2024 NLRB LEXIS 557 at same.

- Issuing and enforcing an unlawful off-duty access policy at JFK8 in 2021. *Amazon.com Servs., LLC*, 373 NLRB No. 96, slip op. at 4-5, 2024 NLRB LEXIS 421 at *4-5 (Sep. 10, 2024).

- Violating a prior settlement agreement at JFK8 through issuance of an unlawful off-duty access policy on June 30, 2022. *Id.* slip op. at 3, 2024 NLRB LEXIS 421 at *3 ("The Board's holding in *Amazon.com Services, LLC*,[]373 NLRB No. 40 [(2024)], makes clear that the Respondent's

promulgation of the above rule was unlawful and that the Respondent's subsequent revision of the rule on July 8, 2022 did not effectively repudiate the unlawful conduct. Further, it is clear from the face of the June 30, 2022 rule that it did not include the agreed-to language in the Notice attached to the settlement agreement requiring that any reinstated rule 'will not be discriminatorily enforced against employees [engaging] in protected activity.'").

- Unlawfully discharging Gerald Bryson from his employment at JFK8 on April 17, 2020, because of his protected concerted activity. *Amazon.com Servs. LLC*, No. 29-CA-261755, JD(NY)-02-24, 2024 NLRB LEXIS 36, at *33 (Jan. 29, 2024) ("I confirm my original finding that the Respondent violated Section 8(a)(1) of the Act by discharging Bryson") and JD(NY)-5-22, 2022 NLRB LEXIS 158, (Apr. 18, 2022); *see also Poor v. Amazon.com Servs. LLC*, 104 F.4th 433, 441 (2d Cir. 2024) ("Amazon does not dispute the district court's conclusion that there was reasonable cause to believe that it

committed an unfair labor practice when it terminated Bryson.").

- Issuing subpoenas to JFK8 employees on about May 20, 2022 that requested NLRA-protected information for illegal purposes, in the course of litigating its objections to the Union's certification at JFK8. *See Amazon.com Servs. LLC*, No. 29-CA-297454, JD(NY)-06-24, 2024 NLRB LEXIS 148, at *1-2 & fns. 1-2, *10 & fn. 3, *53 (Mar. 26, 2024).

- Amazon's CEO Andy Jassy making unlawful statements about unionization during nationally aired interviews on April 14 and June 8, 2022, and additionally during a November 30, 2022 interview. *Amazon.com Servs. LLC & Amazon Lab. Union*, No. 19-CA-297441, JD(SF)-12-24, 2024 NLRB LEXIS 193, at *1-3, *16-22 (May 1, 2024).

- Disparately enforcing its off-duty access policy at JFK8 on April 18, 2023 against employees engaged in union and protected concerted activity. *Amazon.com Servs., LLC*, Nos. 13-CA-301810 et al., JD-63-25, 2025 NLRB LEXIS 213, at *134 (July 23, 2025).

- Between 2022 and 2023: violating Section 8(a)(1) by denying *Weingarten* rights to JFK8 employees; violating Section 8(a)(3) by suspending for over two months a JFK8 employee who was the Union's vice president of organizing because of his union position and activity; violating 8(a)(5) by unilaterally terminating its policy and practice of notifying JFK8 employees of positive Covid tests and implementing an Off-Duty Access Policy; and violating 8(a)(5) by failing to furnish information requested by the Union. *See Amazon.com Servs. LLC*, Nos. 29-CA-296817 et al., JD-37-25, 2025 NLRB LEXIS 131, at *8, *140 (May 6, 2025).

- Starting about August 20, 2021, violating Section 8(a)(1) by maintaining, as a condition of employment for its employees nationwide, overly broad employee rules. *Amazon.com Servs., LLC*, Nos. 19-CA-295640 et al., JD-86-25, 2025 NLRB LEXIS 263, at *4, *18-21 (Dec. 2, 2025).

### Summary of Argument

The Board's standard remedies are inadequate to "neutralize" the "effects of [Amazon's] persistent illegal activity." *See J.P. Stevens & Co.*

*v. NLRB*, 417 F.2d 533, 541 (5th Cir. 1969). The NLRB must consider heightened remedies when an employer has established a "proclivity" to violate the Act *or* where the employer has engaged in "widespread or egregious misconduct demonstrat[ing] a general disregard for employees' Section 7 rights". *WR Reserve*, 372 NLRB No. 80, slip op. at 5, 2023 NLRB LEXIS 185 at *5 (Apr. 20, 2023). Here we have both of those maladies: the NLRB's findings across numerous cases at JFK8 and at Amazon's facilities nationwide establish that Amazon is a recidivist who has engaged in widespread, egregious unfair labor practices demonstrating a thorough disregard for employees' rights.

Amazon's violations at JFK8 run the gamut from unlawfully firing and suspending employees for protected concerted activity; to using its objections to the Union's certification as a vehicle for seeking NLRA-protected information through unlawfully chilling subpoenas; to threats and coercive statements, including such statements by Amazon's CEO; to interrogations, surveillance, and unlawful disparagement of the Union, among other violations of Section 8(a)(1). Not to mention its additional violations of Section 8(a)(5)'s duty to bargain at JFK8 by making unilateral changes without bargaining with the Union and by

refusing to provide the Union information to which the Union, as the employees' collective bargaining representative, is entitled. And nationwide, Amazon has categorically refused to recognize any union of its employees anywhere, *infra* pp. 38-39, such that the instant case is not the only example of the NLRB concluding that Amazon has unlawfully refused to recognize and bargain with a union of its employees, *see Amazon.com Servs. LLC*, No. 20-CA-353378, JD-39-26, 2026 NLRB LEXIS 407, at *27 (June 22, 2026) (unlawful refusal to recognize and bargain with union of employees at San Francisco delivery center).

Amazon is brandishing a disregard for this country's labor policy and a confidence that it, Amazon, will not be held to account. The Board's standard remedies are inadequate to redress the severe and corrosive effect of this display. It is both intuitive and well-established that a record like Amazon's leaves employees fearful of exercising the labor rights Congress meant to confer and protect. Especially in light of the numerous reasons why many JFK8 employees may never even read the remedial notice the Board here ordered Amazon to temporarily post at their facility, a notice reading would be an "effective but moderate

way to let in a warming wind of information and, more important, reassurance." *J.P. Stevens & Co.*, 417 F.2d at 540. And distributing the signed notice to Amazon's supervisors, managers, and agents, along with a directive that those supervisors, managers, and agents comply with the notice, is necessary to ensure that they believe Amazon wants them to take this workforce's labor rights seriously moving forward.

The Court should accordingly enlarge the Board's Order to include the notice reading and notice distribution remedies that the General Counsel requested. *Supra* pp. 5-6 (elaborating the specifics of these remedies). At minimum, the Court should enforce the Board's Order as far as it goes, and remand to the Board to consider additionally ordering these two remedies. Given how long JFK8's employees have waited for Amazon to recognize and bargain with their union, enforcement of the remedies the Board did issue must not be paused pending that remand.

## Argument

### I.   Standard for Reviewing Board Action

This Court "review[s] the Board's legal conclusions de novo and its factual findings for substantial evidence." *Starbucks Corp. v. NLRB*, 173 F.4th 230, 232 (5th Cir. 2026). As for the Board's choice of remedies,

the Act commands that when the Board concludes that any person has committed an unfair labor practice, the Board "shall issue . . . an order requiring [that] person . . . to take such affirmative action . . . as will effectuate the policies of" the Act. 29 U.S.C. §160(c). "A remedy to effectuate the policies of th[e] Act . . . must dispel, compensate for, or at least neutralize, the frustrating effects of persistent illegal activity." *J.P. Stevens & Co.*, 417 F.2d at 541 (cleaned up). Courts review the Board's decision to omit remedies that could effectuate those policies for abuse of discretion. *See NLRB v. Food Store Emps. Union*, 417 U.S. 1, 10 (1974); *cf. NLRB v. Kaiser Agric. Chemicals, Div. of Kaiser Aluminum & Chem. Corp.*, 473 F.2d 374, 382 (5th Cir. 1973) (explaining court upholds Board's decision to issue certain remedy "unless it can be shown that the board either abused its discretion or exceeded its statutory authority"). In other words, courts inquire whether the Board's remedy is "clearly inadequate". *Teamsters Loc. Union No. 639 v. NLRB*, 924 F.2d 1078, 1085 (D.C. Cir. 1991) ("A party challenging the Board's choice of remedy must show that the remedy is clearly inadequate in light of the findings of the Board . . . . We will disturb the Board's remedy . . . when it amounts to an abuse of discretion."); *cf.*

*NLRB v. U.S. Postal Serv.*, 477 F.3d 263, 267 (5th Cir. 2007) (explaining

Board's remedial order must "be tailored to the unfair labor practice[s]

it is intended to redress").[6]

## II.    The Board's standard remedies are here clearly inadequate.

The Board here issued its "standard remedies". (ROA.10254 at fn.

6). Those entail an order that Amazon cease and desist from its

unlawful conduct, bargain with the Union on request, post a notice of

the Board's findings and order for sixty days, and—but only if Amazon

---

[6] Circuits, including this one, commonly state that they uphold the Board's remedial choices unless "it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." *UNF W., Inc. v. NLRB*, 844 F.3d 451, 463 (5th Cir. 2016) (quoting *Va. Elec. & Power Co. v. NLRB*, 319 U.S. 533 (1943)). As that formulation of the standard refers to affirmative action—i.e., "attempt to achieve"—the formulation is best understood as applying to claims that the Board wrongly *issued* a remedy, not claims that the Board wrongly *omitted* one. Regardless, that formulation is a term of art that courts have treated as synonymous with abuse of discretion. *See Teamsters Loc. Union No. 639*, 924 F.2d at 1085–86 (using this formulation interchangeably with "clearly inadequate" and "abuse of discretion"); *Denton Cnty. Elec. Coop., Inc. v. NLRB*, 962 F.3d 161, 174 (5th Cir. 2020) (vacating notice reading order, because the Court "disagrees with [the NLRB's] practice" of issuing such orders to employers who are neither repeat offenders nor have committed violations sufficiently serious to create a "chill atmosphere of fear").

customarily communicates with its employees by electronic means—electronically distribute that notice. These remedies are clearly inadequate to "neutralize" the "effects of [Amazon's] persistent illegal activity[,]" *see J.P. Stevens & Co.*, 417 F.2d at 541, in light of the NLRB's findings across numerous cases establishing that Amazon is a recidivist who has engaged in widespread, egregious unfair labor practices.

"[W]hen a reviewing court concludes that an agency invested with broad discretion to fashion remedies has apparently abused that discretion by omitting a remedy justified in the court's view by the factual circumstances, remand to the agency for reconsideration, and not enlargement of the agency order, is ordinarily the reviewing court's proper course." *Food Store Emps. Union*, 417 U.S. at 10; *id.* at 8 (adding that "crystal-clear Board error [will] render[] a remand an unnecessary formality" in "exceptional situation[s]"). Here, the necessity of the remedies under review is sufficiently clear that this Court is warranted in enlarging the Board's Order to include them. But at minimum, this Court should enforce the Board's Order as far as it goes, and remand to the NLRB to consider supplementing that Order with these remedies.

Given how long these employees have waited for Amazon to recognize and bargain with their union, enforcement of the remedies the Board *did* issue must not be paused pending that remand. *See, e.g.*, *Frankl v. HTH Corp.*, 650 F.3d 1334, 1362–63 (9th Cir. 2011) (explaining the "immeasurable" harm of protracted refusals to bargain, and the increasing difficulty in remedying this refusal "as time goes on").

## A.    A notice-reading is needed to effectuate the Act.

"[W]here a proclivity to violate the Act has been established or where widespread or egregious misconduct demonstrates a general disregard for employees' Section 7 rights—the Board must order commensurate remedies to effectuate the policies of the Act." *WR Reserve*, 372 NLRB No. 80, slip op. at 5, 2023 NLRB LEXIS 185 at *5 (Apr. 20, 2023). In that decision, the Board detailed a non-exhaustive list of "established remedies, . . . in addition to [the Board's] standard remedial provisions" that the Board "will consider" in such circumstances, to ensure that the Board does not "stop short, at the expense of protecting both employees' exercise of Section 7 rights and their willingness to exercise those rights, in determining which remedies to order." *Id*. at 5. One such remedy is a notice reading, *id*. at

6, which may be supplemented with a requirement that the employer distribute the notice to its supervisors, *see id.* at 6 fn. 25, and to its managers, *e.g. Spike Enter., Inc.*, 373 NLRB No. 41, slip op. at 12, 2024 NLRB LEXIS 164 at *12 (Apr. 10, 2024).

### 1.    Amazon is a recidivist.

The Board has time and again articulated the value of a notice reading remedy for violations by recidivist employers. *See, e.g., WR Reserve*, slip op. at 5-6, 2023 NLRB LEXIS 185 at *5-6 (directing Board to consider notice reading remedy for any employer that establishes "a proclivity to violate the Act"); *Tecnocap LLC*, 372 NLRB No. 136, slip op. at 19, 2023 NLRB LEXIS 419 at *19 (Aug. 26, 2023) (ordering notice reading for repeat violator); *Carey Salt Co.*, 360 NLRB 201, 203 fn. 5 (2014) (explaining Board Member Johnson "agrees with his colleagues that [notice-reading] remedy is warranted here, especially in light of the Respondent's unlawful recidivism"). This is consistent with courts' recognition that the Board's obligation to order remedies that will effectuate the Act's policies requires "stronger medicine" for repeat violators. *See United Steelworkers of Am. v. NLRB*, 646 F.2d 616, 630 (D.C. Cir. 1981) ("It long has been evident to the Board and the courts

that some 'stronger medicine' is necessary to effectuate the policies of the Act in cases of recidivist violators. As a result, it is now firmly established that the Board has the power and indeed the obligation to take into account a history of recalcitrance in designing a remedial order."); *Containair Sys. Corp. v. NLRB*, 521 F.2d 1166, 1171 (2d Cir. 1975) ("Without doubt the Board has a duty in a litigated case to employ broader and more stringent remedies against a recidivist than those usually invoked against a first offender . . . . Otherwise the Board might fail to carry out the mandates of s 10(c) of the Act . . . which obligates it to order a proven violator 'to take such affirmative action . . . as will effectuate the policies of this act.'").

This Circuit has consistently recognized the propriety of a public notice reading remedy in cases involving employers who have repeatedly violated the Act. A leading decision is *J.P. Stevens & Co. v. NLRB*, which involved an employer that, like Amazon, committed repeated unfair labor practices across its national locations. 417 F.2d at 537-38. In its "multistate campaign to prevent unionization" of its plants, *id.* at 537, J.P. Stevens was an Amazon of its time. Upholding the Board's decision to order a notice reading, the Court explained the

need for the Board to prescribe remedies sufficient to effectuate the Act's purposes. The Court stated:

> In many instances the combination of a cease and desist order with reinstatement and backpay and a traditional posting of the notice will be adequate. But where the employer demonstrates not once or twice, or three or four times, but five times that it will not abide by the demands of the law, to limit the Board to these remedies would leave both the Board and the Court of Appeals in frustrating helplessness. This would be to deny the obvious Congressional purpose behind 10(c)—to have available remedies necessary 'as will effectuate' the Act.

*Id.* at 538. Thus, the Court continued, the Court must permit stronger remedies in such circumstances to ensure the NLRB provides "resourceful and imaginative" orders to effectuate the Act. *See id.* at 538 & fn. 10 (explaining "[r]esourceful and imaginative NLRB orders are essential," lest the Board "use only round pegs when the holes may be square, triangular, rectangular, or even pentagonal"). The Court described this as an "obligation" of both the Board and the Courts. *See id.* And the Court recognized that "the reading requirement is an effective but moderate way to let in a warming wind of information and, more important, reassurance," for employees whose rights have been violated. *Id.* at 540.

Similarly, in a case involving an employer that had engaged in repeated violations of Section 8(a)(1) at a facility, this Court made quick work of the employer's objections to a notice reading remedy. *UNF W., Inc. v. NLRB*, 844 F.3d 451 (5th Cir. 2016). There, the Board ordered a notice reading after finding that the employer had unlawfully interrogated employees about their union activities, threatened employees with futility regarding their rights to organize and bargain collectively, and threatened employees with reduction of wages. *Id.* at 455. The Court enforced that remedy, reasoning:

> It is incontrovertible that [Employer] is a repeat violator of Section 8(a)(1). [Earlier], in the same . . . facility, an ALJ found [Employer] to have [committed the same types of violations of Section 8(a)(1)]. The instant case thus represents the second round of the same problematic conduct in the same facility, in the context of the same unionization campaign—only with new characters.

*Id.* at 463. Accordingly, a notice reading remedy comported with the Act's policies. *See id.*

Here, "[i]t is incontrovertible that [Amazon] is a repeat violator of Section 8(a)(1)." *Id.* Amazon has committed numerous unfair labor practices in this "same unionization campaign" at this "same facility" and across the country. *Id.* Its violations at JFK8 range from unlawfully

firing and suspending employees for protected concerted activity; to using its objections to the Union's certification as a means to seek NLRA-protected information through unlawfully chilling subpoenas; to threats and coercive statements, including such statements by Amazon's CEO; to interrogations, surveillance, and unlawful disparagement of the Union, among other violations of Section 8(a)(1). Plus it has committed additional violations of Section 8(a)(5)'s duty to bargain at JFK8 by making unilateral changes to terms and conditions of employment without bargaining with the Union and by refusing to provide the Union information to which the Union, as the employees' collective bargaining representative, is entitled.

Amazon has further demonstrated its disregard for the NLRB's processes and employee rights at JFK8 by violating, in 2022, a settlement agreement it had entered into to resolve 2021 violations. And Amazon has additionally demonstrated its proclivity to violate the Act through its violations at facilities other than JFK8. *E.g.* *Amazon.com Services Inc.*, 374 NLRB No. 138, slip op. at pp. 1-2 & fn.1, p. 41, 2026 NLRB LEXIS 456 at same (July 2, 2026) (four unfair labor practices, including three Section 8(a)(3) violations, committed "at the

DYY6 delivery station, which is adjacent to the JFK8 facility," in September and October 2021); *Amazon.com Servs. LLC*, Nos. 29-CA-292844 et al., JD(NY)-12-24, 2024 NLRB LEXIS 234, at *3, *171-178 (May 17, 2024) (discussing Amazon's "numerous and pervasive" violations at LDJ5 facility, which is "immediately across the street from" JFK8); *Amazon.com Services LLC*, 373 NLRB No. 136, p. 1 fn. 3, p. 51, 2024 NLRB LEXIS 557 at same (Nov. 13, 2024) (affirming finding of unlawful threat made at LDJ5 facility); *Amazon.com Servs., LLC*, Nos. 10-CA-290944 et al., JD(NY)-22-24, 2024 NLRB LEXIS 541, at *1, *208 (Nov. 5, 2024) (coercive interrogation and surveillance, threats of plant closure, and confiscation of union materials in the lead-up to election in Alabama facility in 2022); *Amazon.com Servs. LLC,* No. 12-CA-308502, JD-02-25, 2025 NLRB LEXIS 7, at *66-67 (Jan. 7, 2025) (violations of Section 8(a)(1) at Florida facility); *Amazon.com Servs., LLC*, Nos. 09-CA-311529 et al., JD-66-25, 2025 NLRB LEXIS 217, at *46-47 (Aug. 18, 2025) (violations during an organizing campaign at Kentucky facility, including threats, interrogation, surveillance, and harassing and intimidating union supporters); *Amazon.com Servs.,*

4910-9082-6435v1 11135-33004                    29

*LLC*, No. 28-CA-281240, JD(SF)-03-25, 2025 NLRB LEXIS 21, at \*95 (Jan. 22, 2025) (violations at Nevada facility).

"[N]ot [only] once or twice, or three or four times" has Amazon shown that it "will not abide by the demands of the law." *J.P. Stevens & Co.*, 417 F.2d at 538. It has made that clear through its entire course of conduct in response to thousands of employees across the country standing up to exercise their rights under the NLRA. In light of this unlawful pattern of conduct, merely posting a notice is insufficient to remedy Amazon's established violations and recidivism.

### 2. Amazon has engaged in widespread and egregious misconduct—both at JFK8 and across the U.S.

Apart from Amazon's recidivism, a notice reading is appropriate because Amazon has engaged in widespread and egregious misconduct. *See WR Reserve*, slip op. at 5-6, 2023 NLRB LEXIS 185 at \*5-6 (explaining Board must consider a notice-reading remedy when employer has established a proclivity to violate the Act *or* where "widespread or egregious misconduct demonstrates a general disregard for employees' Section 7 rights"). Amazon's violations at JFK8—and *a fortiori* Amazon's violations nationwide—easily qualify as such

"widespread" or "egregious" misconduct. Consider *Libertyville Toyota*, 360 NLRB 1298 (2014). There, the Board found that the employer committed multiple violations of Section 8(a)(1) at a meeting of its employees by making threats of futility, of demotions, and of blacklisting and by making an implied promise of wage increases to employees in order to discourage them from supporting the Union. *Id*. at 1298-99, 1337. The employer additionally violated Section 8(a)(3) by unlawfully discharging an employee because of his union activity. *Id*. at 1300. The Board concluded that these violations warranted a notice-reading remedy, "especially the unlawful statements made by high-ranking management officials to all, or nearly all, of the Respondent's employees" at the meeting." *Id*. at 1298 fn. 1.

Amazon has engaged in comparable conduct and much more.  Its highest ranking official—CEO Jassy—broadcast unlawful statements for all employees nationwide to hear. The NLRB has found that Amazon has committed serial other Section 8(a)(1) violations at JFK8, from threats to interrogation to surveillance to subpoenaing protected information. Also the NLRB has found that Amazon unlawfully suspended the Union's vice president of organizing because of his union

activity and unlawfully discharged a different JFK8 employee because of his protected concerted activity. Flanking these violations at JFK8 are pervasive violations at Amazon's immediately adjacent facilities, LDJ5 and DYY6. And all these are echoed by Amazon's other violations nationwide.

This Circuit recently voiced its disagreement with the Board's approach of "order[ing] notice-reading when an employer's unfair labor practices are serious and widespread even if the employer is not a repeat offender." *Denton Cnty. Elec. Coop., Inc. v. NLRB*, 962 F.3d 161, 174 (5th Cir. 2020). The Court did not there preclude, however, notice-reading to ever be warranted or necessary for first-time offenders. Rather, the Court stated the "dispositive question" is more specific than whether the violations are serious or widespread. *See id*. at 174. That question is whether the violations "created a chill atmosphere of fear[] among employees". *Id*.

The distinction here, however, is academic because Amazon is no first-time offender. Regardless, Amazon's widespread violations have certainly created a chill atmosphere of fear. *Denton* found that this atmosphere was unlikely in the case there at hand because workers had

testified that the employer's unfair labor practice of withholding raises had zero impact on their decision to decertify the union. *See id.* at 174-75.[7] Here, employees have not claimed that Amazon's violations have left the JFK8 workforce unmarked by fear. And on the contrary, it is implausible to conclude that Amazon's persistent and cumulative violations would not have sown fear. The very reason Amazon's conduct at JFK8—such as threats, interrogation, surveillance, overbroad work rules, and unlawful subpoenas—violate Section 8(a)(1) *is that* such conduct chills employees from exercising their rights. *See Amazon.com Servs., LLC*, Nos. 19-CA-295640 et al., JD-86-25, 2025 NLRB LEXIS 263, at *14 (Dec. 2, 2025) ("In evaluating work rules and policies, the Board considers whether the policy would reasonably tend to chill employees in the exercise of their Section 7 rights."); *F.W. Woolworth Co.*, 310 NLRB 1197, 1197 (1993) (finding surveillance because employer's photographing and videotaping "tends to create fear among

---

[7] Separately, *Denton* distinguished this Court's *UNF W.* decision as involving "repeated violations with the same problematic conduct." *Id*. *Denton* did not suggest such a pattern is a necessary condition for a notice reading. But Amazon has, in any event, engaged in repeated instances of similar types of violations.

employees of future reprisals"); *Amazon.com Servs. Inc.*, 374 NLRB No. 138, slip op. at 5, 21, 27, 40-41, 2026 NLRB LEXIS 456 at same (July 2, 2026) (cleaned up) (in finding Amazon committed various Section 8(a)(1) violations at JFK8, explaining "the Board determines whether statements alleged to violate Section 8(a)(1) have a reasonable tendency to coerce employees in the exercise of their Section 7 rights. In applying this analysis, the Board considers the total context of the alleged unlawful conduct from the viewpoint of its impact on employees' free exercise of their rights pursuant to Section 7," and observing, *inter alia,* that a JFK8 employee "was afraid of being discharged" if Amazon found out she supported the Union); *Amazon.com Servs. LLC*, 29-CA-297454, JD(NY)-06-24, 2024 NLRB LEXIS 148, at *42 (Mar. 26, 2024) (explaining Amazon's subpoenas in JFK8 proceedings "had an illegal objective and were unlawful in requesting the production of non-affidavit *Jencks* statements for the same reason they would be unlawful if they sought affidavits. See *Santa Barbara*, 358 NLRB 1539 (2012)"); *Santa Barbara News-Press*, 358 NLRB 1539, 1541–42 (2012) (explaining Board's "well-established policy" of "protect[ing] affiants involved in Board proceedings from such chilling and coercive"

subpoenas from employers who seek affidavits);[8] *see also* Declaration of Ira Pollock In Opposition to Plaintiff's Motion for Summary Judgment at ¶8, *Amazon.com Services LLC v. New York State Public Employment Relations Board, et al.*, 1:25-cv-5311-EK-MMH (E.D.N.Y. May 26, 2026), Dkt. No. 71-2 (declaration from former employee at Amazon's Maspeth, New York warehouse explaining, "it is hard to convince workers that their rights really mean anything at all. I consistently hear other workers tell me that Amazon can just get away with anything and that there is no point in trying to hold such a powerful company accountable."). A notice reading is thus necessary to counter the chill atmosphere of fear created by Amazon's violations.

### 3. Amazon has consistently refused to recognize and bargain with its unionized employees.

Amazon's consistent refusal to recognize and bargain with any union of its employees requires strong reassurance to employees moving forward that Amazon will respect their rights. Board law recognizes that a notice reading is an appropriate remedy for an employer's refusal

---

[8] The Board re-adopted this decision in *Santa Barbara News-Press*, 361 NLRB 903 (2014) after it had been vacated for lack of a constitutionally appointed quorum.

to recognize and bargain with a union. In *Omni Excavators, Inc.*, an employer refused to recognize with a union ever since the Board certified the union as the unit's exclusive collective-bargaining representative, and the employer also engaged in unlawful interrogation of and direct-dealing with employees. 373 NLRB No. 18, slip op. at 1-2, 2024 NLRB LEXIS 63 at *1-2 (Feb. 9, 2024). The Board emphasized the employer's refusal to recognize and bargain as its basis to order a notice reading. *See id*. at 3. The Board explained:

> Inasmuch as the Respondent's unfair labor practices are likely to have a continuing coercive effect on employees' free exercise of their Section 7 rights long after the violations have occurred, we shall require additional remedial action designed to dissipate as much as possible the lingering atmosphere of fear created by the Respondent's unlawful conduct. Given the severe and corrosive effect of the Respondent's repudiation of the employees' chosen bargaining representative immediately after certification, the mere posting and even mailing of notices would not serve this purpose.

*Id*. Accordingly, the Board ordered the employer's "high-ranking responsible management official" to either read the notice to employees or be present while a Board agent did so. *Id*.

That is exactly what we have here. In addition to its numerous other unfair labor practices at JFK8, Amazon repudiated this facility's

employees' chosen bargaining representative immediately after certification. Fully four years later, these employees still wait for Amazon to recognize their union—a delay that demands strong redress now. *See Longmont United Hosp.*, 374 NLRB No. 52, slip op. at 3, 2026 NLRB LEXIS 143 at *3 (Feb. 26, 2026) (Prouty, M., dissenting) (explaining notice reading should be standard remedy for 8(a)(5) violations in test-of-certification refusals to bargain, because "[t]he delay that follows from such a refusal, and from the lengthy legal proceedings that result, has a reasonable tendency to erode the union's support among employees and thus diminish its bargaining power while also chilling employees, perhaps irreparably, in their exercise of their rights under the Act"); *cf. Frankl*, 650 F.3d at 1362–63 (explaining injunctive relief is warranted to prevent employer's failure to bargain in good faith, because "[t]he deprivation to employees from the delay in bargaining and the diminution of union support is immeasurable. Consequently, even if the Board subsequently orders a bargaining remedy, the union is likely weakened in the interim, and it will be difficult to recreate the original status quo with the same relative

position of the bargaining parties. That difficulty will increase as time goes on . . . .").

In fact, there is not a single example of Amazon recognizing and agreeing to bargain with units of its employees who have unionized. Instead, by refusing to do so at numerous facilities nationwide that have unionized, Amazon has sent its workforce a clear message that it has no intention of recognizing or bargaining with any union they may establish. In addition to the case at bar, an administrative law judge recently found that Amazon unlawfully refused to recognize and bargain with a union at its San Francisco, California warehouse. As that judge explained, "[t]he Board in *Cemex* changed the law to find a violation of Section 8(a)(5) of the Act if an Employer refuses to recognize a union, and fails to timely file an RM petition, when a union demands recognition based on majority status in an appropriate unit. That is exactly what happened here." *Amazon.com Servs. LLC*, No. 20-CA-353378, JD-39-26, 2026 NLRB LEXIS 407, at *27 (June 22, 2026).

*Cemex* set forth a clear rule. "[A]n employer violates Section 8(a)(5) and (1) by refusing to recognize, upon request, a union that has been designated as Section 9(a) representative by the majority of

employees in an appropriate unit unless the employer promptly files a petition pursuant to Section 9(c)(1)(B) of the Act (an RM petition) to test the union's majority status or the appropriateness of the unit." *Cemex Constr. Materials Pac., LLC*, 372 NLRB No. 130, slip op. at 25 & fn. 139, 2023 NLRB LEXIS 400 at \*25 & fn. 139 (Aug. 25, 2023) (explaining that absent unforeseen circumstances, Board will "interpret 'promptly' to require an employer to file its RM petition within 2 weeks of the union's demand for recognition").[9] So, if Amazon disagreed that the union that requested recognition in any of the at least 9 cases with pending *Cemex* charges was valid, Amazon had a valid way to challenge that demand for recognition: file an RM petition so that the NLRB could hold an election to test employee support for the union. Instead, in each case, Amazon has declined to do so while outright repudiating the union, in violation of the NLRA. Not once has the NLRB held that

---

[9] Although the Sixth Circuit has now held that the Board exceeded its adjudicatory authority when it issued *Cemex, see Brown-Forman Corp. v. NLRB*, 169 F.4th 646, 657, 665 (6th Cir. 2026) (explaining "we do not reach the substance of the *Cemex* standard in this case"), the standard set forth in *Cemex* remains Board law to date, *see D.L. Baker, Inc.*, 351 NLRB 515, 539 fn. 42 (2007).

Amazon's refusal to recognize and bargain without filing an RM petition was lawful.

In sum: Amazon is not only a recidivist violator of the Act, but also a recidivist violator of Section 8(a)(5)'s obligation to bargain in good faith. *See also Amazon.com Servs. LLC*, Nos. 29-CA-296817 et al., JD-37-25, 2025 NLRB LEXIS 131, at *140 (May 6, 2025) (ALJ finding violations of Section 8(a)(5) at JFK8 for unilateral changes and failure to furnish Union information). In its categorical refusal to recognize any union anywhere, Amazon demonstrates a fundamental disregard for this country's labor policy. In light of this, the Board's standard remedies are inadequate to redress the "severe and corrosive effect" of Amazon's actions, and a notice reading is necessary and appropriate.

### 4. Amazon's threats and surveillance will deter JFK8 employees from reading the notice.

Notice readings are especially needed where, as here, the employer has recently engaged in unlawful threats and surveillance. *See WR Reserve*, slip op. at 7 fn. 26, 2023 NLRB LEXIS 185 at *7 fn. 26 (explaining notice reading "is particularly appropriate where the allegations that support the broad order include surveillance or threat-based violations. Such unfair labor practices reasonably leave

employees hesitant to view a posted notice where the respondent may monitor employees viewing the notice."). Amazon's many violations at JFK8 include, among others, these very ones. Its employees will not now lightly choose to stand in front of an NLRB notice in order to read its message, fearing that by doing so they will expose themselves to Amazon's demonstrated capacity for retaliation.

> **5.    Notice posting is always inadequate, and thus especially inadequate here.**

There is no good reason why a notice reading should not be a standard remedy anytime an employer violates the Act. There's no plausible argument that making it so would undermine the Act's purposes. As Board Member Prouty has explained at length, "the traditional remedy of only posting the notice to employees without more is an outdated remedy that fails to effectuate the policies of the Act. Posting the notice alone falls far short in 202[6] . . . ." *Hilton Anchorage*, 371 NLRB No. 151, slip op. at 9-13, 2022 NLRB LEXIS 533 at *9-13 (2022) (Prouty, M., concurring). Among other grounds, Prouty elaborated that a notice reading should be a standard remedy because many employees may never become aware of the notice or its contents if the notice is merely posted. Instead, "[b]y hearing and simultaneously

reading the Board's message—together with their coworkers and with representatives of the employer—the employees will be far more likely to appreciate that their employer's misconduct was illegal and that it can and will be redressed." *Id*. at 9-12.

This Court need not here pass on Prouty's claim that notice reading should be a standard remedy. His reasoned explanation why notice posting is an inadequate remedy *as a general matter*, however, drives home the inadequacy of notice posting to remedy violations by an employer that has demonstrated such disregard as Amazon for its employees' labor rights.

### B.    Notice distribution to supervisors, managers, and agents is necessary to effectuate the Act.

The Board's order is inadequate to effect the Act's purposes not just because it omits a notice reading, but also because it fails to require that Amazon hand-deliver and email to its supervisors, managers, and agents a copy of the notice "along with written instructions signed by an appropriate [Amazon] representative, to be determined and approved by the Regional Director, directing them to comply with the provisions of the Notice, and provide the Regional Director with written proof of compliance". (ROA.9701) (General Counsel's Complaint, requesting this

remedy). This delivery and directive to follow the law serves the function of ensuring that Amazon's supervisors, managers, and agents are aware of their obligations under the Act and comprehend the notice's information. *See Spike Enter., Inc.*, 373 NLRB No. 41, slip op. at 12, 2024 NLRB LEXIS 164 at *12 (Apr. 10, 2024) ("Distribution of the notice to everyone at the notice reading—employees, supervisors, and managers alike—will allow those, who desire, to follow along to themselves as it is being read aloud and will serve to facilitate their comprehension of the important information communicated in the document.").

This is necessary because the only way to explain Amazon's persistent, nationwide violations of the NLRA is either that Amazon has inadequately trained the supervisors, managers, and agents who have participated in its serial unfair labor practices, *see Ozburn-Hessey Logistics, LLC*, 366 NLRB No. 177, slip op. at 14, 2018 NLRB LEXIS 364 at *14 (Aug. 27, 2018) (ordering distribution of notice to supervisors and managers, along with sign-in sheets for those actors at each notice reading, where "persistent repetition of the same unfair labor practices by different supervisors and managers show[ed] that the Respondent

ha[d] not sufficiently trained its managers and supervisors in their duty to abide by the Act's requirements"), or else Amazon permits or encourages those actors to willfully violate the Act. In either case, distributing the signed notice to Amazon's supervisors, managers, and agents and directing them to comply with the notice is necessary to try to ensure that they do not keep violating employees' rights.

## Conclusion

For the foregoing reasons, this Court should enlarge the Order to require Amazon to do the following at JFK8:

[1] Through an appropriate Amazon representative—to be determined and approved by the NLRB's Regional Director for Region 29—or in the alternative, through an agent of the NLRB, read to JFK8 employees the notice that the Board's Order has required Amazon to post. The reading must be in English and Spanish and any other languages deemed necessary, in the presence of a Board agent and a representative of the Union, at a meeting or meetings convened by Amazon for its employees, such meeting(s) to be

scheduled during work hours to ensure the widest possible

employee attendance;

and

[2] Hand deliver and email the signed notice to all

supervisors, managers and agents, along with written

instructions signed by an appropriate Amazon

representative, to be determined and approved by the

Regional Director for Region 29, directing them to comply

with the provisions of the notice, and provide the Regional

Director with written proof of compliance.

Alternatively, the Court should enforce the Order as far as it goes,

and remand to the Board to consider additionally ordering these two

remedies. Given how long JFK8 employees have waited for Amazon to

recognize and bargain with their union, enforcement of the remedies

the Board did include in the Order must not be paused pending that

remand.

//

//

//

DATED: July 31, 2026        Repectfully submitted,


By:    s/Julie Gutman-Dickinson

Julie Gutman Dickinson
Hector De Haro
Luke Taylor
BUSH GOTTLIEB, ALC

David O'Brien Suetholz
Willie J. Burden Jr.
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS

Richard Griffin
BREDHOFF & KAISER, PLLC

Jeanne Mirer
JULIEN MIRER & ASSOCIATES,
PLLC

Edward M. Gleason, Jr.
Pamela M. Newport
HERZFELD, SUETHOLZ, GASTEL,
LENISKI AND WALL, PLLC

*Counsel for Amazon Labor Union No. 1,
International Brotherhood of Teamsters
(ALU-IBT Local 1)*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I caused this brief to be electronically filed with the Clerk of this Court by using the appellate CM/ECF system. Participants in the case that are registered CM/ECF users will be served by the appellate CM/ECF system. Participants that are not registered CM/ECF users will be served via U.S. Mail.

Timothy L. Watson                    Via U.S. Mail
National Labor Relations Board
Region 16
Room 8A24
819 Taylor Street
Forth Worth, TX  76102-6178


                         By:    s/Julie Gutman-Dickinson
                              *Counsel for Petitioner ALU-IBT*
                              *Local 1*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font, and that it complies with the type-volume limitations of Rule 32(a)(7)(B) because it contains 9,361 words, excluding the parts exempted by Rule 32(f), according to the count of Microsoft Word.

By:        s/Julie Gutman-Dickinson
*Counsel for Petitioner ALU-IBT Local 1*